## SOPHIA A. DOWNS v. THE BOARD OF COUNTY COMMISSIONERS OF WYANDOTTE COUNTY et al.

TAXATION —*Enjoining Collection* — *Estoppel.* A certain county road in Wyandotte county was improved, in attempted compliance with chapter 214 of the Laws of 1887. The plaintiff, who was the owner of real estate abutting upon such road, by her agent and attorney in fact, signed the petition for the improvement. She also had knowledge of the improvement as the work progressed, knew under what law the improvement was made, how it was to be paid for, and that her land would be taxed therefor; and she at no time made any objection to the improvement. After the improvement was made her land was taxed to assist in the payment therefor. Her land was greatly benefited by the improvement, and its value enhanced to an amount far in excess of the tax which was levied upon the land to aid in the payment for the improvement. *Held,* That she cannot now maintain an action to perpetually enjoin the county officers from collecting such tax. She is not entitled to the equitable remedy of injunction to protect her from the natural consequences of her own acts, or from consequences which she at least invited, encouraged and contributed to by her own conduct.

*Error from Wyandotte District Court.*

THE case is stated in the opinion.

*Hutchings & Keplinger,* for plaintiff in error.

*J. B. Scroggs, J. O. Fife, A. L. Berger,* and *Winfield Freeman,* for defendants in error.

*McGrew & Watson,* and *Buchan, Freeman & Porter,* for Board of Commissioners.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wyandotte county by Sophia A. Downs against the board of county commissioners, the county clerk, and the county treasurer, to perpetually enjoin them from entering certain alleged illegal taxes upon the county tax-roll, and from collecting or attempting to collect such taxes. At the September term, 1889, the case was tried before the court without

a jury, and the court made certain special findings of fact and conclusions of law, and rendered judgment in favor of the defendants and against the plaintiff for costs; and the plaintiff, as plaintiff in error, brings the case to this court for review.

The taxes were levied in attempted pursuance of chapter 214 of the Laws of 1887, to pay for improvements made upon a certain county road sometimes called the "Quindaro road" and sometimes the "Quindaro boulevard." While these improvements were being made the plaintiff's name was Sophia A. Cobb, but afterward by marriage her name was changed to Sophia A. Downs. On the trial of the case the following, among other facts, were admitted by the parties, to wit:

"It is admitted on the part of counsel for plaintiff herein that the plaintiff signed the petition for the improvement of the Quindaro road, by her agent and attorney in fact, A. H. Cobb, and that plaintiff knew of the improvements and how the same were to be paid for, and under what law said improvements were being made, and that at no time during the progress of said improvements did the plaintiff or her agent object to the same for any reason whatever. It is further admitted by counsel for plaintiff, that after the petition was signed and the work begun the plaintiff went away, and she only knew of the manner of doing the work through her agent, A. H. Cobb. . . . It is admitted, by and between counsel herein, that A. H. Cobb, the agent and attorney in fact of plaintiff, and one of the attorneys in this case, is the son of the plaintiff in this case in which Sophia A. Downs is plaintiff and the board of county commissioners is defendant; that said A. H. Cobb lives in what is known as 'Cobb's annex,' within the half-mile limit and within the termini of the improvements of the Quindaro road, and that said A. H. Cobb moved there in December, 1887, and has been a resident there continuously since that time, and had personal knowledge of all the improvements upon said road."

Among the facts found specially by the court are the following:

"The plaintiff did not live upon her land, which abuts upon the road improved, but she knew how the improvement was being made, that it was under the act of the legislature referred to, and was fully cognizant of the work being done upon the

41 — 48 KAS.

road, and knew that her property would be taxed therefor. She signed the petition praying for the improvement to be made, which petition stated that those whose signatures were attached constituted a majority of the resident land-holders within the territory to be taxed. Her property has been greatly benefited by the improvement, and its value enhanced to an amount far in excess of the tax which is levied against her for the improvement."

The court also found as a conclusion of law as follows:

"The plaintiff, S. A. Downs, is estopped to set up the illegality of the tax, and the temporary injunction as to her is dissolved."

As before stated, the court rendered judgment against the plaintiff and in favor of the defendants for costs. We think the cases of *Stewart v. Comm'rs of Wyandotte Co.*, 45 Kas. 708; same case, 26 Pac. Rep. 684, 685; and *Comm'rs of Wyandotte Co. v. Hoag*, ante., p. 413; same case, 29 Pac. Rep. 758, are controlling and conclusive in this case. The plaintiff in this case, by her attorney in fact, signed the petition for the improvement. She knew what the work was to be, and had knowledge of the same as it progressed, and knew how payment therefor was to be made, and made no objection. Her real estate was greatly benefited by the improvement and was enhanced in value by reason thereof to an extent much greater than the amount of the tax levied upon it to pay for such improvement. For these reasons, we think she is not entitled to the equitable remedy of injunction to protect her from the natural consequences of her own acts, or from consequences which she at least invited, encouraged and contributed to by her own conduct.

The judgment of the court below will be affirmed.

All the Justices concurring.