SALT CREEK TOWNSHIP, in *Lincoln County*, v. THE KING
IRON BRIDGE & MANUFACTURING COMPANY.

1. TOWNSHIP—*Power to Issue Bridge Bonds.* The officers of a munici-
   pal township are not empowered, under ¶¶ 413–442, Gen. Stat. of
   1889, to issue bonds of the township in any sum greater than 5 per
   cent., inclusive of all other bonded indebtedness of the township, of
   the taxable property thereof for the purpose of building or pur-
   chasing bridges. (Laws of 1872, ch. 68, § 1; Laws of 1874, ch. 39, § 1.)

2. BRIDGE PROPOSITION, *When Carried.* Where the officers of a munici-
   pal township submit a proposition to the voters of the township for
   building or purchasing a bridge and the issuance of bonds, such
   proposition, to be carried, must receive three-fifths of the votes cast
   at the election. If less than three-fifths of the votes are in favor of
   the proposition, such proposition is defeated. (Gen. Stat. of 1889,
   ¶ 421; Laws of 1872, ch. 68, § 9; Laws of 1874, ch. 39, § 4.)

3. ——— *Void Contract.* Where the officers of a municipal township
   have no authority under the provisions of the statute to build or
   purchase a bridge, a contract made by them with a bridge company
   for the building of a bridge is void.

4. UNAUTHORIZED CONTRACT—*Liability.* Where the officers of a mu-
   nicipal township are without any power to make a contract for the
   building or purchasing of a bridge, and without any power to create
   a liability for a bridge against the taxpayers of a township, but, in
   violation of the provisions of the statute, a contract is made with a
   bridge company for the construction of a bridge in the township,
   and such bridge, after being completed upon a public highway with-
   in the township, is accepted by the township board and is used by
   the public generally, the township is not liable upon the contract, or
   for the reasonable value of the bridge, if the public records of the
   township fully disclose all the facts in the case, and the contractor
   furnishing the bridge has in no way been misled or deceived by the
   records of the township board. Those dealing with a township must
   see to it that its officers have power to act, if all the facts appear
   upon the face of the records of the township.

*Error from Lincoln District Court.*

ACTION on a contract by the *Bridge Company* against the
*Township of Salt Creek.* Plaintiff had judgment, and the de-
fendant comes to this court. The opinion states the facts.

*David Ritchie,* for plaintiff in error:

At the time that the contract was made for the issuance of the bonds and the purchase of the bridge for which this suit was brought, there was outstanding and unpaid $18,000 of the bonds of Salt Creek township. And we submit that Salt Creek township, either by its officers or otherwise, was precluded from creating any further indebtedness for the purpose of purchasing a bridge, the taxable property as shown by the last preceding assessment being $149,169.25, making over 12 per cent. at the time that the township officers attempted to contract this additional indebtedness, and the bridge company under the law was bound to take notice of the financial condition of the township and of its right to contract. See *Buchanan v. Litchfield,* 102 U. S. 228; *The State v. Atlantic City,* 9 Atl. Rep. 759; *Daly v. City of San Francisco,* 13 Pac. Rep. 321; 15 Am. & Eng. Encyc. of Law, p. 1124, and cases there cited. See, also, Gen. Stat. of 1889, ¶¶ 416, 421.

There was an election duly held in said Salt Creek township, but it is also shown that at that election there were 62 votes in favor of the proposition to build a bridge and issue bonds therefor, and 56 votes against the proposition, or about 9 votes short of the statutory number required. Therefore, we submit that the township board was never vested with jurisdiction or authority to make or enter into said contract. Paragraph 422 grants only a limited power to carry into effect the provisions of the act of which it is a part, and not a general power, and before even that power vested, the conditions precedent must have been complied with; and we submit the law is, that whenever a condition precedent is required to vest power in the officers of a public corporation that condition must have existed before the officers can bind the body corporate by any contract, and persons dealing with the officers of a public corporation whose powers are defined by public law are charged with notice of the law and the extent of their powers; and there can be no estoppel to deny such a contract when the same is void for want of power in the officers to

make it. *Newberry v. Fox*, 33 N. W. Rep. 333; 13 Pac.
Rep. 321; 15 Am. & Eng. Encyc. of Law, pp. 1137, 1138.

It was contended in the court below, that although the con-
tract was legally void, yet the bridge company could recover
what the bridge was reasonably worth; or, in other words,
although the bridge company could not legally enforce its
contract, it was entitled to a judgment against the township,
and said township officers could do by indirection that which
they could not do directly. We submit that this is not the
law. *The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kas.
419.

It is contended that, as the bridge has been built and the
public are using it, it amounts to a ratification of said contract
by the township, and that the township has received the ben-
efits of the property. As to the first proposition, if the con-
tract is void for the reason that it is beyond the power of the
township officers to make it, they cannot ratify that which they
had no power to make. 19 Am. & Eng. Encyc. of Law,
p. 473, and cases there cited.

*E. A. McFarland*, for defendant in error:

Since the township has received the benefit of the contract,
and has retained and used the bridge, the defendant in error
can recover the reasonable value of the bridge, and the plain-
tiff in error is estopped to deny the legality or illegality of
of the contract or the proceedings in this case, whereby it ob-
tained the benefit it now has and still retains.

The result of the election and the making of the contract
seem to have been acquiesced in by the people of the town-
ship. No effort was ever made to enjoin the board from pro-
ceeding, or the bridge company from erecting the bridge.
The township board and the bridge company both acted in
the utmost good faith in the transaction, and carried out the
contract made. The record shows that the bridge company,
or any of its agents, never had any knowledge. but that the
election and contract were legal, and that the township would
pay as promised. Hence, if the contract is void or *ultra vires,*

it is such by reason of mistake of law by one of the contract-
ing parties, and is clearly a case within the provisions of the
law of equitable estoppel.

See *Brown v. City of Atchison*, 39 Kas. 37; *Hitchcock v.
City of Galveston*, 96 U. S. 341, 350, 351; *Whitney Arms Co.
v. Barlow*, 63 N. Y. 63–70; *H. & S. Rld. Co. v. Comm'rs of
Kingman Co.*, 48 Kas. 82.

Counsel for plaintiff in error says that the election failed to
carry for want of the three-fifths vote, and consequently the
board was powerless to act.

In the case of *Prettyman v. Tazewell Co.*, 19 Ill. 406, it was
held that the principle of estoppel applied, where it was alleged
that the petition did not contain the requisite number of sig-
natures and there was not a majority of legal voters in favor
of the proposition. But the county had received the benefits
conferred and was estopped to set up the want of power. See
*Stewart v. Comm'rs of Wyandotte Co.*, 45 Kas. 708; *Township
of Pine Grove v. Talcott*, 19 Wall. 666–678; *T. W. Rly. Co.
v. Genter*, 69 Tex. 625; *Darst v. Gale*, 83 Ill. 141; *Ward v.
Johnson*, 95 id. 215; *P. & S. Rld. Co. v. Thompson*, 103 id.
187, 202; *L. N. A. & C. Rly. Co. v. Flanagan*, 113 Ind. 488,
493; *Railway Co. v. McCarthy*, 96 U. S. 258; *Cunningham
v. M. S. & F. C. Rly. Co.*, 70 N. Y. 439; *Haufe v. Town of
Fulton*, 34 Wis. 618; *Argenti v. City of San Francisco*, 16
Cal. 256.

As bearing generally upon the right of the defendant in
error to recover upon the state of facts as disclosed by the
record, see *Vickery v. Blair*, 32 N. E. Rep. 880; *Darst v. Gale*,
83 Ill. 141; *West v. Agricultural Board*, 82 id. 205–207;
*Brown v. Milliken*, 42 Kas. 775; *School District v. Boyer*, 46
id. 54; *City of Ellsworth v. Rossiter*, 46 id. 237.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by the King
Iron Bridge & Manufacturing Company against Salt Creek
township, in Lincoln county, to recover $1,103.03 upon a

written contract, executed on the 2d of August, 1888, between
the company and the township, for the construction and
payment in township bonds of a bridge on the section line
between sections 22 and 23, over Salt creek, in Salt Creek
township.  The bridge was constructed in accordance with
the terms and conditions of the written contract, on or before
January 5, 1889, and was accepted by the trustee and treas-
urer of the township.  Upon the part of the township, it is
contended that its officers were without power to make the
contract for the construction of the bridge, or to create any
liability upon the people of the township therefor.  The an-
swer of the company is, that the township officials supposed
that they were proceeding according to law in making the
contract; that they accepted the bridge and continued to use
and retain the same.  Therefore, if the officials of the town-
ship had no authority, or exceeded their authority, the town-
ship should be required to pay the reasonable value of the
bridge.  It appears that, prior to the execution of the written
contract for the construction of the bridge, an election was
held, on May 12, 1888, under the provisions of ¶¶ 416–422,
Gen. Stat. of 1889.  (Laws of 1872, ch. 68, §§ 4–10; Laws
of 1874, ch. 39, §§ 1–4.)  At the election, 62 votes were cast
for the bridge bonds, and 56 against the bonds.  The statute
prescribes that if three-fifths of the votes favor the building
of a bridge and the issuance of bonds, the township officers
may proceed, under the provisions of the statute, to construct
the bridge and issue bonds in payment.  There was not a
three-fifths vote in favor of the proposition submitted; there
were nine votes short.  After the election, and on May 14,
1888, the township board met and proceeded to canvass the
vote.  The order of the board recited the votes cast, showing
that less than three-fifths of the votes favored the proposition,
and yet stated the proposition had carried.  Subsequently,
and on the 2d of August, 1888, the contract was signed by
the bridge and manufacturing company and the township of-
ficials.  It also appears that, at the time the contract was

made for the construction of the bridge and the issuance of the bonds, there were outstanding and unpaid $18,000 of bonds of Salt Creek township. The taxable property, as shown by the last assessment, at the date of such contract was $149,169.25, making about 12 per cent. of bonded indebtedness. Paragraph 413, Gen. Stat. of 1889, reads:

"The board of county commissioners of any county, the mayor and common council of an incorporated city, and the trustee, clerk and treasurer of any municipal township in this state, are hereby empowered to issue the bonds of such county, city, or township, in any sum not greater than 5 per cent., inclusive of all other bonded indebtedness, of the taxable property of such county, city, or township, for the purpose of building or purchasing bridges, free or otherwise, and for the purpose of purchasing land and erecting buildings thereon for the poor: *Provided*, That the limit prescribed in this section shall not apply and be considered to restrict or prevent the issuing of any bonds heretofore voted, or vote now pending in any county, city or township in this state, and which bonds may not have yet been issued." (Laws of 1872, ch. 68, § 1, as changed by Laws of 1874, ch. 39, § 1.)

Upon the facts disclosed in the record, and the provisions of the statute authorizing, under certain circumstances, township officers to build and pay for bridges, we think the bridge and manufacturing company cannot recover. It seems to be conceded that the company cannot recover upon its contract. The only claim made is, that the township is estopped, and should be required to pay the reasonable value of the bridge. At the time of the execution of the contract, and also at the time the bridge was constructed, the public records of Salt Creek township showed that its officers had no power or authority to make any contract for the bridge or to issue any bonds. The proposition submitted to the people for the building of a bridge did not receive three-fifths of their votes. It therefore was defeated. The statutory limitation of indebtedness in the township, as prescribed in ¶ 413, was also an inhibition against the making

1. Township— power to issue bridge bonds.

2. Bridge proposition, when carried.

of the contract. The township board, and, possibly, the bridge and manufacturing company, mistook the law. In any event, the township officials acted in direct conflict with the provisions of the statute prescribing their duties and limiting their powers. The records of the township were public, open to all, and the bridge and manufacturing company was not and could not have been misled. The bridge was constructed upon a public highway within the township, but used by the people generally.

It is a well-settled rule that township or other municipal officers cannot do by indirection that which they might not do directly. (*The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kas. 419.) If township officers may disregard all of the statutory provisions concerning the construction of and payment for bridges, and create a liability against the people of a township by accepting bridges or other work without any power so to do, and thereby make the township liable, then the provisions of the statute defining how bridges should be built and paid for have no force whatever. Under such a rule, the township officers may at any time build and accept bridges and create liabilities against the people of the township without a vote and without limit. As the contract between the township officers and the bridge and manufac-

3. Void contract.

turing company is void under the statute, we do not think the other facts disclosed show the township is estopped from asserting the want of power on the part of the township officers, or from defending against any liability for the bridge.

There is no innocent holder of bonds in this case, and in fact no innocent parties. The township officers, as well as the bridge and manufacturing company, are presumed to know the law. The statute clearly declares the conditions upon which a municipal township may obtain bridges; but if the provisions of the statute are overlooked, or voluntarily cast aside by the parties, with full knowledge of all the facts, no estoppel of any kind can be created. There is a seeming hardship in refusing to pay for the bridge after the money of

the company has completed it and it is in use

**4. Unauthorized contract—liability.** upon a regular laid out public highway. But the want of legal authority to contract was known, or ought to have been known, by the company before it expended any of its money. Therefore it is at fault. Those dealing with a township must see to it that its officers have power to act. In this case, nothing was concealed and all the facts appear upon the public records. A township or other municipality can only act by the mode prescribed by law. Any other rule leaves the taxpayers at the mercy of the officers of the township and contractor, and would render all statutory provisions of limitation of power nugatory. (*Lewis v. Comm'rs of Bourbon Co.*, 12 Kas. 186; 15 Am. & Eng. Encyc. of Law, 1124; *Daly v. City of San Francisco*, 13 Pac. Rep. 321; *Buchanan v. Litchfield*, 102 U. S. 278; *Newberry v. Fox*, 33 N. W. Rep. [Minn. 1887] 333; *Reichard v. Warren Co.*, 31 Iowa, 381; *Brady v. Mayor of N. Y.*, 2 Bosw. 187; *Law v. The People*, 87 Ill. 385.) Of course, as the bridge was constructed upon the highway with the permission of the authorities, the company may remove the same. As the township refuses to pay for the bridge, it can have no interest or right to keep it. All the parties acted without any statutory authority.

In behalf of the bridge and manufacturing company, it is urged that the following authorities, among others, sustain the judgment of the trial court: *Brown v. City of Atchison*, 39 Kas. 37; *Brown v. Milliken*, 42 id. 769; *Stewart v. Comm'rs of Wyandotte Co.*, 45 id. 708; *School District v. Boyer*, 46 id. 54; *H. & S. Rld. Co. v. Comm'rs of Kingman Co.*, 48 id. 70.

In *Brown v. City of Atchison*, supra, Brown & Bier delivered over to Atchison city bonds amounting to $49,943.95, and received in funding bonds only $29,966.37. The court in that case held, that under the circumstances the city could not retain $19,977.58 of good bonds and then refuse to carry out its contract, which was a benefit to it.

In *Brown v. Milliken*, supra, it was assumed that the

funding bonds were in the hands of innocent and *bona fide* holders.

In *Stewart v. Comm'rs of Wyandotte Co.*, supra, Stewart acted for himself alone, not in an official capacity, and not for any township or other municipality. He was held to be estopped by his own acts.

In *School District v. Boyer*, supra, there was no want of power on the part of the officers of the school district. The schoolhouse was built and was defective in some particulars. The district accepted and used it, and therefore it was held liable for actual benefits.

In *H. & S. Rld. Co. v. Comm'rs of Kingman Co.*, supra, the recitations in the journal of the commissioners of Kingman county showed that the election was properly held, the votes properly canvassed, and the proposition submitted properly carried, in accordance with the statute. Every prerequisite of the law affirmatively appeared in that case, upon the records, to have been complied with by the county officials. In such cases, of course, an estoppel applies. None of these cases go, to the extent claimed, to support the judgment rendered in this case.

We are also cited to decisions from Illinois and other states upon the question of equitable estoppel. An examination of these cases shows, however, that in most of them the powers of private, not municipal, corporations are discussed and decided. The general rule is, that the doctrine of *ultra vires* is applied with greater strictness to municipal bodies than to private corporations. If the bridge and manufacturing company had actually paid money into the treasury of Salt Creek township, or if it had erected a bridge upon property belonging exclusively to the township, some of the authorities cited from this and other states might sustain the contention of the company; but the bridge was upon a regularly laid out public highway, and while it was within the limits of Salt Creek township, it was used by the public generally — those living outside of the township as well as those inside. The title to

the highway is in the county for the public use, and the county has received the benefits of the bridge as well as the township.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views expressed herein.

All the Justices concurring.