A. B. HOVEY, *as Receiver of the Northrup Banking Company*, v. THE BOARD OF COMMISSIONERS OF WYANDOTTE COUNTY.

No. 10407.

1. CONSTITUTIONAL LAW—*Case, Followed.* The decision in the case of *Comm'rs of Wyandotte Co. v. Abbott*, 52 Kan. 148, holding chapter 214 of the Laws of 1887, entitled "An act providing for the improvement of county roads," unconstitutional and inoperative, followed.

2. VOID STATUTE—*Void Contract—Paving County Road—no Recovery.* The board of county commissioners, and road commissioners appointed by them under chapter 214 of the Laws of 1887, which is a void statute, are without power to bind the county by express contract to pay for paving a county road; nor can they, by any attempted acceptance of work performed under such void contract, impose any liability on the county to pay, as upon a *quantum meruit*, the value of the work done or improvement made on the road.

*Error from Wyandotte District Court.*

THIS action was brought in the district court of Wyandotte county by A. B. Hovey, receiver of the Northrup Banking Company, against the board of county commissioners of Wyandotte county, to recover $31,480 and interest, claimed to be due the banking company on certain written instruments, purporting to be obligations of the county, issued by certain road commissioners, in payment for paving Quindaro boulevard. The petition alleges in minute detail that all of the various steps contemplated by chapter 214 of the Laws of 1887, entitled "An act providing for the improvement of county roads," were taken; that a contract for such improvement was let to R. E. Ela and Michael Cahill, who paved the road in acordance with their contract; that the Northrup Banking Company furnished the contractors with all the money expended by them in making such im-

provement; that it was agreed between the contractors, the bank and the road commissioners that the certificates to be issued in payment for such improvement should be issued directly to the banking company, and that this was accordingly done, after the completion and acceptance of the work. It is alleged that the improvement of the road is of permanent value to the county, exceeding the contract price, and that the county now enjoys the full use and benefit thereof. The entire cost is stated to have been $53,-147, and it is alleged that a portion of the cost has been collected from the owners of the adjacent property, and that all of the payments that have been made heretofore were from the moneys so collected. The petition shows that the road commissioners met and assessed two-thirds of the cost of the improvements against the adjacent property, in accordance with the statute, and that all of such special assessments were collected, unless by reason of the neglect of the board of commissioners; that there is now in the treasury of the county a large sum of money, the exact amount of which is unknown to the plaintiff, collected on such special assessments for the payment of said certificates, and that the county treasurer refuses to pay the same to the plaintiff. A general demurrer to the petition was interposed in behalf of the county and sustained by the court, and this is the ruling now to be reviewed by this court. The opinion herein was filed March 7, 1896.

*Buchan, Freeman & Porter*, for plaintiff in error; *Fred E. Buchan*, of counsel.

*S. C. Miller*, county attorney, and *Hutchings & Keplinger*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : I. This case was advanced on motion of the defendant, because it was asserted that the county officers desired a speedy determination of the questions involved in the case, and especially because it was said that there was a large amount of money collected from special assessments held in the county treasury, and that the county officers were in doubt as to their duty in disposing of the same and as to the rights of the various parties who might claim an interest therein. The only parties to this action are the receiver, as plaintiff, and the board of county commissioners, as defendant. Although very long and exhaustive briefs discussing the other questions in the case have been filed, no argument is found in them with reference to any fund claimed to be held by the county treasurer. We shall consider the case, so far as we deem it necessary, as it has been discussed by counsel in their briefs. They having ignored this fund, concerning the existence of which the averments of the petition are exceedingly vague and indefinite at best, we shall also disregard it.

The main contention of counsel for the plaintiff in error is that the decision in the case of *Comm'rs of Wyandotte Co. v. Abbott*, 52 Kan. 148, in which chapter 214 of the Laws of 1887 was held unconstitutional and invalid, is wrong. It is very earnestly insisted that the plaintiff in this case has never had a hearing in this court on the question of the validity of the law ; that very large interests are involved ; and that the court should again carefully reconsider this question. Every decision of an important question of law must necessarily affect the interests of all persons whose rights must be determined by the same rule, and this

without their having had a hearing in the first instance. For this, as well as other reasons, it is of the utmost importance that every rule announced should be sound. It cannot be urged with any truthfulness that the question as to the validity of this road-improvement law was hastily disposed of, without due consideration. It was repeatedly argued before the court in numerous cases, and the decision in the case cited was reached with an understanding of the disastrous consequences that must necessarily follow to individuals not parties to that litigation. After the case was decided in this court, the circuit court of the United States for the district of Kansas, in the case of *National Bank v. Board of Commissioners*, 61 Fed. Rep. 436, arrived at the same conclusion, and also declared the law unconstitutional. On error to the circuit court of appeals, the judgment was affirmed, though on other grounds. (68 Fed. Rep. 878.) The writer is entirely satisfied with the result reached in the Abbott case, and the court is disinclined to overrule it after it has been followed by the federal court.

II. It is contended that, even though the act of 1887 be held unconstitutional, the plaintiff is entitled to recover the reasonable value of the improvement made, not under the contract, but as upon a *quantum meruit*, for the benefit derived by the county from the expenditure of the bank. Many cases are cited in which a recovery has been allowed for the reasonable value of services rendered or of property delivered, where the contract was invalid for one reason or another. The general principle running through the cases in which corporations, municipalities and political subdivisions of the state have been held liable, even though the particular contract sought to be en-

forced was invalid, is that it has received a benefit for which it justly ought to pay; but in these cases the invalidity of the contract was because of a failure to observe some prescribed mode of procedure, or a want of authority in a particular officer, agent or person to bind the corporation or municipality in the manner in which it was attempted to be done. In all these cases there was a capacity in the corporation or municipality to incur an obligation of the kind with which it was sought to be charged. But where there is an utter incapacity in the municipality to enter into any such contract or agreement as is set up, or to undertake any work of the character of that for which payment is asked, no recovery can ever be had, because it is entirely without the scope and functions of the municipality. The distinction between these two classes of cases is illustrated by those cited in the briefs, and heretofore decided by this court. School districts have been held liable for schoolhouses built, and for furniture for the same, where the action of the district officers was so irregular that the contracts entered into were insufficient to bind the districts; but the districts, having the power under the law to build schoolhouses and to furnish them, and having actually received and enjoyed the benefits of the property and labor of others, were held liable to pay the reasonable value of the benefits actually enjoyed. (*Sullivan v. School District*, 39 Kan. 347; *School District v. Sullivan*, 48 id. 624; *Furniture Co. v. School District*, 50 id. 727.) A similar principle has been applied with reference to payment for street improvements by cities. (*Sleeper v. Bullen*, 6 Kan. 300; *Ryan v. Coldwater*, 46 id. 242.) But where there is an utter want of power in the corporation to enter into any contract whatever for the work done, there can be no ratification of the

void contract, and no liability can flow from it, or from any attempted ratification of it. This is well illustrated by the case of *Salt Creek Twp. v. Bridge Co.*, 51 Kan. 520, where it was sought to charge the township for the construction of a bridge over Salt Creek. The contract was invalid because of a want of power in the officers to make it; but it was sought to charge the township on an implied contract because the bridge had actually been constructed in the township on a public road, where the township had the full benefit of it, and it was very earnestly insisted that the township was estopped from denying its liability for the reasonable value of the bridge; but this court held that the township officers were wholly without power to create a liability on the township of that kind, and that they could not do indirectly what they were without power to do directly. The principle of that case is identical with the one now under consideration. That was a road improvement made in the township, under a contract with the township officers claiming authority to bind the township by such contract; but the proposition, having been submitted to a vote of the people, failed to carry by the requisite majority, and there was no law authorizing the construction of a bridge costing so much money at the expense of the township without it. The bridge company were therefore held wholly without remedy against the township. To the same effect is *Pleasant View Twp. v. Shawgo*, 54 Kan. 742. In this case it is sought to charge the county with the cost of paving a county road. This is an improvement that neither the county nor its officers assuming to act in its behalf have any power under the law to make. The county commissioners cannot bind it by any contract for paving a road, nor can contractors,

even though acting in accordance with a supposed con-
tract executed on behalf of the county by county com-
missioners, road commissioners, or any other persons,
impose a liability on the county which the law does
not authorize the imposition of by any means, or
through any instrumentality.   Until there is a valid
law providing for the paving of county roads at the
expense of the county, a liability against it for such
an improvement cannot be created in any manner.
The distinction between these cases and that of a city
improving its streets is broad and well defined.   The
city is charged with the duty of keeping its streets in
order, and has general authority to improve them, but
no such duty nor authority is imposed on the county
or the commissioners or its representatives.   "Where
a contract is void at law for want of power to make
it, a court of equity has no jurisdiction to enforce
such a contract, or, in the absence of fraud, accident,
or mistake, to so modify it as to make it legal, and
then enforce it." (*Hedges v. Dixon Co.*, 150 U. S.
182.)   To hold the county liable to pay the reason-
able value of the work done in improving the road
would be, in effect, holding that the board of county
commissioners has power, under the law, to cause
county roads to be paved at the expense of the county.
For, surely, if the commissioners can bind the county,
by an invalid and unauthorized contract and an ac-
ceptance of the work done under it, to the payment
of the reasonable value of the improvement, it can
bind the county by contract to pay as much.   Before
any obligation to pay can be imposed on the county
there must be lawful authority to create the indebted-
ness.   It is not claimed that any such authority is
expressly conferred by any other act of the legisla-
ture than chapter 214 of the Laws of 1887.   This act

St. L. & S. F. Rly. Co. v. French.

being invalid, leaves the commissioners wholly without power to bind the county.

The judgment of the district court is affirmed.

MARTIN, C. J.; concurring.

JOHNSTON, J., dissenting.