## WILLIS v. BOARD OF COM'RS OF WYANDOTTE COUNTY, KAN.

(Circuit Court of Appeals, Eighth Circuit. April 18, 1898.)

No. 892.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS.
    In cases depending upon the constitution or statutes of a state, the federal courts will adopt the construction of the constitution or statutes given by the highest courts of the state, but are not required to follow the decisions of the state courts where the question is one of general law.

2. COUNTY AGENTS UNDER VOID STATUTE—VALIDITY OF CONTRACTS—ESTOPPEL.
    Road commissions appointed under Sess. Laws Kan. 1887, c. 214, since declared unconstitutional, were without authority; and road improvement certificates issued by them are not binding on the county, and it is not estopped to deny their validity because of having received the benefits of the labor and materials for which they were issued.

3. IMPROVEMENTS MADE UNDER VOID STATUTE—SPECIAL TAXES THEREFOR COLLECTED—ESTOPPEL.
    Where roads were improved under Laws Kan. 1887, c. 214, before it was declared unconstitutional, and the county has collected money from property owners in the vicinity of the improvements, to pay the improvement certificates, it holds such money as agent or trustee of the certificate holders, and both it and the property owners are estopped to deny its liability therefor.

4. REVIEW ON ERROR—MOTIONS FOR NEW TRIAL.
    To grant or refuse a new trial rests in the sound discretion of the federal courts, and their decisions thereon are not reviewable on error.

In Error to the Circuit Court of the United States for the District of Kansas.

Winfield Freeman (Silas Porter, on reply brief), for plaintiff in error.
George B. Watson (McGrew, Watson & Watson, on brief), for defendant in error.

Before BREWER, Circuit Justice, SANBORN, Circuit Judge, and RINER, District Judge.

RINER, District Judge. This was an action brought by George R. Willis, plaintiff in error, against the board of county commissioners of Wyandotte county, Kan., defendant in error, in the circuit court of the United States for the district of Kansas, to recover the sum of $45,-836.82, with interest thereon, alleged to be due upon a number of road improvement certificates and interest coupons attached thereto, which were signed and issued by certain persons acting as road commissioners for Wyandotte county, pursuant to the provisions of an act of the legislative assembly of the state of Kansas approved March 5, 1887, entitled "An act providing for the improvement of county roads" (Sess. Laws Kan. 1887, c. 214).

The petition, after properly alleging the diverse citizenship of the parties, and that the amount in controversy, exclusive of interest and costs, exceeded the sum of $2,000, contained 78 separate causes of action, each being based upon a different road certificate, or upon interest coupons, attached to the certificates, representing the annual interest due thereon. These different causes of action were in substantially

the same form, varying only as to amount, name of the party to whom issued, and the date of maturity. In each cause of action it is alleged that, pursuant to an act of the legislature entitled "An act providing for the improvement of county roads," approved March 5, 1887, the defendant, by its duly-authorized agents, executed and delivered, to a certain party therein named, its obligation in writing, whereby it promised to pay to the party named in the obligation, or bearer, the sum of money specified therein, together with interest thereon, at the rate of 7 per cent. per annum, payable annually on presentation and surrender of the interest coupons attached, and that the party to whom the certificate was issued, before maturity and for value, sold and delivered the obligation to the plaintiff, who thereby became, and still is, the owner thereof; that no part of said obligation has been paid, and there is due the plaintiff on the same the sum named in that cause of action.

July 17, 1894, pursuant to leave of court, the plaintiff amended his petition as follows:

"The plaintiff, for amendment to the petition, on leave of the court, adds the following to be inserted in the said petition at the end of the last cause of action, and before the prayer thereof. That all of the said certificates and coupons are long since overdue and wholly unpaid; that the defendant county, although demanded, has refused to pay the same, or any part thereof, and claims and alleges that it was not authorized to issue them. The plaintiff says that the defendant ought to be precluded from so saying, for the reason that said certificates were, and each of them was, issued for and on account of work and labor performed and material furnished in grading and improving the several county roads in said Wyandotte county, Kansas, mentioned in each of the said certificates; that said work was fully performed and material furnished under the direct supervision of the authorized agents of said defendant, according to the plans and specifications furnished and provided by the defendant therefor; when completed, was accepted by them; was a permanent and valuable improvement to each of said roads. by reason of which said defendant has received and enjoys a great and lasting benefit, greatly in excess of the cost thereof; and the defendant has collected a large part of the cost thereof from the property owners adjacent thereto, and now has in its treasury money so collected."

March 31, 1896, a demurrer to the amended petition was sustained, and a judgment was entered in favor of the defendant; whereupon the plaintiff sued out this writ of error. Three errors are assigned: First, the court erred in sustaining the demurrer of the defendant to the plaintiff's amended petition; second, the court erred in entering a judgment in favor of the defendant, and against the plaintiff; third, the court erred in overruling the motion of plaintiff for a new trial. ·

The first and second assignments of error present the same question, and may be considered together. The law under which these certificates were issued (Sess. Laws 1887, c. 214) was declared to be unconstitutional by the supreme court of Kansas in the case of Commissioners v. Abbott, 52 Kan. 148, 34 Pac. 416, and also in the case of Hovey v. Commissioners, 56 Kan. 577, 44 Pac. 17.

It has been repeatedly decided that the federal courts, in cases depending upon the constitution or statutes of a state, will adopt the construction of the statutes or constitution given by the highest courts of the state when that construction can be ascertained. Polk's Lessee v. Wendel, 9 Cranch, 87; Nesmith v. Sheldon, 7 How. 812; Walker v.

Commissioners, 17 Wall. 648. In the case last cited the supreme court said:

"In the construction of the statutes of a state, * * * this court follows the adjudications of the highest court of the state. Its interpretation is accepted as the true interpretation, whatever may be our opinion of its original soundness."

And in Claiborne v. Brooks, 111 U. S. 410, 4 Sup. Ct. 489, the court stated the rule as follows:

"It is undoubtedly a question of local policy with each state what shall be the extent and character of the powers which its various political and municipal organizations shall possess, and the settled decisions of its highest courts on this subject will be regarded as authoritative by the courts of the United States; for it is a question that relates to the internal constitution of the body politic of the state."

The exception is where the question is one of general law. Thus, in Hough v. Railway Co., 100 U. S. 213, it was said:

"Our attention has been called to two cases determined in the supreme court of Texas, and which, it is urged, sustain the principle announced in the court below. After a careful consideration of those cases, we are of opinion that they do not necessarily conflict with the conclusions we have reached. Be this as it may, the question before us, in the absence of statutory regulations by the state in which the cause of action arose, depend upon principles of general law, and in their determination we are not required to follow the decisions of the state courts."

Again, in the case of Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, Mr. Justice Brewer, in delivering the opinion of the court, said:

"The question as to what is a matter of local, and what of general, law, and the extent to which in the latter this court should follow the decisions of the state courts, has been often presented. The unvarying rule is that, in matters of the latter class, this court, while leaning towards an agreement with the views of the state courts, always exercises an independent judgment."

Other cases, in which the supreme court of the United States has announced the rule substantially as in the two cases just referred to, might be cited; but it can serve no useful purpose to review the learning upon this proposition, as the case here is clearly a question of local law, and this court will follow the decision of the supreme court of the state of Kansas upon the question of the constitutionality of this statute. That court having decided that the statute is unconstitutional, its ruling will be adopted by this court in the disposition of this case.

The road certificates in suit were not issued or signed by the county commissioners, but by road commissioners appointed by the county commissioners under the provisions of section 6 of the act of the legislature above mentioned, which act constituted the only authority for the appointment of road commissioners. That act being void, because in conflict with the provisions of the constitution, there was no such office as road commissioner; and those who acted in that capacity, and issued these certificates, could in no way bind the county by their acts. They were entirely without authority to contract or to act for the county. These road commissioners being wholly without authority of law to act for and on behalf of the

county, the certificates issued by them did not represent a valid indebtedness of the county, and the county was not estopped from asserting their invalidity. Neither can it be said that the county was under an implied agreement, by reason of any act of the road commissioners, or because it had the benefit of the work, to pay what the services rendered in making the improvements were reasonably worth. The county commissioners neither had, nor assumed, the power to contract for the improvements, for which the certificates in suit were issued; and we think the appointment of the road commissioners and other acts performed by them, under the provisions of this void statute, did not bind the county to pay either the certificates or the value of the work. The only liability which it can be said the county may have assumed arises from the fact that it has collected moneys from the property owners adjacent to the improvements for the purpose of paying these certificates. In order to do this, the county assumed the role of the agent and collector of the certificate holders. Now, the county cannot be permitted to voluntarily assume the relation of agent and trustee of the holders of the certificates for the purpose of collecting the money from the property owners, and then to repudiate that relation in order to deprive the cestuis que trustent of the funds it collected for them, and to misappropriate them to its own use. The collection and acceptance of this money by the county constituted it a trustee of the fund for the holders of the certificates, and made it liable to them for every dollar it collected and failed to apply to the payment of the certificates. If the county has collected from the parties who have the benefit of the improvements, moneys to pay therefor, we think it must be held that the county is liable to pay it over to the holder or holders of the certificates. It is money collected by the county for their use; and not only the county, but those who paid the money into the treasury of the county, are estopped from denying the liability of the county for the money thus collected. In the case of Stewart v. Commissioners, 45 Kan. 708, 26 Pac. 683, a taxpayer who had asked for the construction of a highway made under this same legislative enactment was held to be estopped from pleading the want of power in the county commissioners to make the improvement, and collect the tax from him. Downs v. Commissioners, 48 Kan. 640, 29 Pac. 1077; Commissioners v. Abbott, 52 Kan. 167, 34 Pac. 416. In the case of Commissioners v. Hoag, 48 Kan. 413, 29 Pac. 758, the county commissioners, without any authority whatever, paved a street in Kansas City, Kan., and one of the lot owners, who had petitioned for the improvement, and seen it made, was held to be estopped from defeating the collection of his proportionate part of the costs of the improvement levied under this chapter 214, which, if valid, would not include such a case.

From an examination of the above cases, it will be seen that the county commissioners of this county successfully invoked the principle of estoppel in the collection of the taxes to pay for these improvements, from the owners of property adjacent thereto, as provided by this void statute. If the county could invoke this doc-

trine in the matter of the collection of taxes to pay for the improvements, we can see no reason why the holders of these certificates of indebtedness, which were issued by the road commissioners, whom the county commissioners appointed and instigated to make the improvements and issue the certificates, may not invoke the same principle against the contention of the county that the improvements were made and the certificates issued without authority of law. The improvement of the roads, for which these certificates were issued, involved no moral turpitude, and was not forbidden by any statute. It is true, it was beyond the power of the county to make the improvements, because the law under which they assumed to act was unconstitutional; yet the county and its officers, the property holders who asked and were compelled to pay for the improvements, and the holders of these certificates, who paid out their money for material and labor to make the improvements, all believed, at the time these things were done, that their acts were authorized by law. In making these improvements, it cannot be said that the county was exercising its public or governmental powers. It was exercising its proprietary or business powers. It was acting and contracting for the private benefit of itself and its inhabitants, and, in the exercise of this power, it is to be governed by the same rules that govern private individuals and corporations. Illinois Trust & Sav. Bank v. City of Arkansas City, 40 U. S. App. 277, 22 C. C. A. 171, and 76 Fed. 271; Safety Insulated Wire & Cable Co. v. City of Baltimore, 25 U. S. App. 166, 13 C. C. A. 375, and 66 Fed. 140; City of Cincinnati v. Cameron, 33 Ohio St. 366; Safety Insulated Wire & Cable Co. v. City of Baltimore, 13 C. C. A. 375, 66 Fed. 140. The county commissioners appointed these road commissioners, induced them to contract for the improvements, saw the improvements made and the certificates of indebtedness issued to raise the money to pay for them, accepted and retained the benefit of them for the inhabitants of the county, compelled the parties who petitioned for the improvements to pay the taxes levied to create a revenue to pay for them, and the county now has the benefit of the improvements, and has the money collected to pay the certificates in its treasury, but declines to pay them, upon the sole ground that the county never had authority to do any of these things. This position cannot be maintained. That "the principle of estoppel applies as well where the proceedings of a corporation are questioned on the ground of the unconstitutionality of the statute under which they are had as where they are attacked upon other grounds" has been frequently decided. State v. Mitchell, 31 Ohio St. 592; Tone v. Columbus, 39 Ohio St. 281; Counterman v. Dublin Tp., 38 Ohio St. 515.

In Daniels v. Tarney, 102 U. S. 415, it is said:

"It is well settled as a general proposition, subject to certain exceptions not necessary to be here noted, that, when a party has availed himself for his benefit of an unconstitutional law, he cannot, in a subsequent litigation with others not in that position, aver its unconstitutionality as a defense, although such unconstitutionality may have been pronounced by a competent judicial tribunal in another suit. In such cases the principle of estoppel applies with full force and conclusive effect."

Clearly, an individual or a private corporation would not be permitted to make any such defense, and, under the circumstances of this case, we can see no reason why a different rule should be applied in favor of this county. · We think the county is just as much estopped from making such a defense as an individual or a private corporation. Illinois Trust & Sav. Bank v. City of Arkansas City, supra; Water Works Co. v. City of Columbus, 48 Kan. 113, 28 Pac. 1097. In the case of Sleeper v. Bullen, reported in 6 Kan. 300, it was held that a city was estopped from denying the validity of a contract under which a street was graded, after the grading had all been done.

To dispose of the third assignment of error, it is sufficient to say it has long been the established law of the courts of the United States that to grant or refuse a motion for a new trial rests in the sound discretion of the court to which the motion is addressed, and that the result cannot be made the subject of review upon a writ of error. Insurance Co. v. Young, 5 Cranch, 187; Pomeroy v. Bank, 1 Wall. 592; San Antonio v. Mehaffy, 96 U. S. 312; Railroad Co. v. Heck, 102 U. S. 120; Boogher v. Insurance Co., 103 U. S. 90; Jones v. Buckell, 104 U. S. 554; Criner v. Mathews, 32 U. S. App. 405, 15 C. C. A. 93, and 67 Fed. 945; Condran v. Railway Co., 32 U. S. App. 182, 14 C. C. A. 506, and 67 Fed. 522; Woodbury v. City of Shawnee Town, 20 C. C. A. 400, and 74 Fed. 205.

The judgment of the circuit court is reversed, and the case remanded, with directions to overrule the demurrer, and permit the defendant to answer.