No. 33,142

JOE T. KUCERA, *Appellee,* v. THE STATE HIGHWAY COMMISSION of THE STATE OF KANSAS, *Appellant.*

(64 P. 2d 66)

Opinion filed January 23, 1937.

*Wint Smith,* assistant attorney general, and *Henry F. Martz,* assistant attorney for the state highway commission, for the appellant.

*Robert S. Field,* of Syracuse, *James E. Smith, Earl H. Hatcher, Frank H. McFarland* and *Schuyler W. Jackson,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action for damages against the state highway commission upon its contract with the owner of land in Hamilton county where the commission moved the highway from one part of plaintiff's land to another part thereof near by.

The contract provided for the making of a deed by the landowner to the commission of the land to be used for the newly located highway, and as compensation therefor the commission agreed to pay stipulated amounts for the land, for moving fences and other expenses and also "agrees to the deeding back unconditionally the present No. 27 right of way in lot 8 as soon as the proposed new highway No. 27 is open for travel." The petition shows that as soon as the new part was open for travel the state highway commission executed a quitclaim deed in favor of the plaintiff and placed it of record without submitting it to the grantee. The petition further alleges that the former right of way was and still is encumbered by a pole line for the transmission of electricity and two pipe lines, one for the conveyance of water, and the other for the conveyance of gas, and that the commission failed, neglected

and refused and still fails, neglects and refuses to deed back to plaintiff "unconditionally" the former right of way over and across plaintiff's property.

The highway commission filed a demurrer to this petition. The trial court overruled the demurrer, and from this ruling the commission appealed.

The appellant contends that it had acquired only an easement in the old right of way and it was for highway purposes only; that the pole line and the two pipe lines acquired their right to use the highway by virtue of statutes, and the only authority of the highway commission over them was to designate the part of the highway to be used by them, and this was the limit of its control over such utilities. The appellant further contends that its easement in the old highway was lifted by operation of law upon the vacation and abandonment of the road, and as it has no power or authority other than that specifically given it by legislation and that which is necessarily implied therefrom, it is not authorized to enter into a contract to remove pipe lines and pole lines from former highways, and any contract to remove such lines would be invalid. Appellant cites several decisions on this last proposition, among others that of *Salt Creek Township v. Bridge Co.*, 51 Kan. 520, 33 Pac. 303, where it was held:

"Where the officers of a municipal township have no authority under the provisions of the statute to build or purchase a bridge, a contract made by them with a bridge company for the building of a bridge is void." (Syl. ¶ 3.)

The appellant also cites *Hovey v. Comm'rs of Wyandotte Co.*, 56 Kan. 577, 44 Pac. 17, where a road had been paved under the provisions of a statute which was later held to be unconstitutional, and the board of county commissioners were held to be without power to bind the county by express contract to pay for such pavement. The former case was where the township board was authorized by statute to contract for the building of a bridge when the project was approved by three fifths of the legal voters of the township. It was favored by a majority vote but not by three fifths, and the contract made by the board was therefore without authority. In the latter case above cited, after the statute intended to give the board of county commissioners authority to pave highways under certain restrictions had been held unconstitutional in another case it was held in this case that

". . . where there is an utter incapacity in the municipality to enter into any such contract or agreement as is set up, or to undertake any work of

the character of that for which payment is asked, no recovery can ever be had, because it is entirely without the scope and functions of the municipality." (p. 581.)

The case of *Construction Co. v. Sedgwick County*, 106 Kan. 410, 186 Pac. 492, is cited by appellant and there the county board and its members were held not to be liable to a construction company for the failure of the board to give the required notice of election for the building of a jail.

The case of *Barton County Comm'rs v. Comanche Township*, 139 Kan. 500, 32 P. 2d 497, is also cited. There the action of a majority of the township board was held to be invalid because of failure to have a meeting of the board.

· The right of gas and other companies to bury their pipe lines in the public highway has long been recognized in this state. (*State v. Natural-gas Co.*, 71 Kan. 508, 80 Pac. 962; and *Murphy v. Gas & Oil Co.*, 96 Kan. 321, 329, 150 Pac. 581.) Transmission lines have a similar privilege of constructing their pole lines along the state highways by authority of R. S. 17-1901.

For these reasons these pipe lines and pole lines described in the petition as being located on and in the old road now abandoned were so placed by proper authority, but not necessarily by consent or permission of either the adjacent landowner or the highway commission.

The highway commission has the authority to lay out and establish roads. R. S. 1933 Supp. 68-406 provides:

"That the state highway commission shall designate, adopt and establish and may lay out, open, relocate, alter, vacate, redesignate and reëstablish highways in every county in the state. . . ."

R. S. 1933 Supp. 68-413, after stating the authority of the commission to acquire rights of way by eminent domain or otherwise, then provides for the disposal of such rights of way when no longer needed, as follows:

"The state highway commission may dispose of any real estate, or any right, title or degree or variety of interest therein as it may deem expedient or necessary whenever the commission determines that such real estate, or interest therein, is no longer needed or used for highway purposes, and may exchange the right of way to be abandoned for new and other right of way: *Provided,* That when any road on the state highway system is vacated, the lands or interest or rights therein acquired by the state highway commission for right of way under the provisions of this section, unless disposed of as above provided, shall revert to the present owners of the land of which it was originally a part."

As to the change or removal of such pole or pipe lines it is provided in R. S. 1933 Supp. 68-415:

"Whenever any person, firm or any corporation created for the purpose of constructing and maintaining magnetic telegraph or telephone lines or for the purpose of constructing and maintaining lines for the transmission of electric current or for the purpose of transporting oil .or gas or water by pipe lines, or municipal corporations, shall construct or maintain poles, piers, abutments, pipe lines or other fixtures along, upon or across any state highway, such poles, wires, piers, abutments, pipe lines and other fixtures shall be located upon that part of the right of way of said state highway designated by the state highway commission and the state highway commission is authorized and empowered to require the removal of such poles, piers, abutments, wires and pipe lines and other fixtures now upon state highways from the present location on said state highways to such part of the right of way of said state highways as the state highway commission shall designate. . ."

Under these provisions there would seem to be ample authority in the highway commission to dispose of the old right of way and to arrange to do so by contract in connection with the acquiring from the owner of the same tract of land the right of way for the new road. In making the contract for this exchange of tracts of lands the appellant promised to deed back unconditionally the old right of way.

Webster defines the word "unconditional" as "not conditional, limited or conditioned; made without conditions; absolute, unreserved." Bouvier's Law Dictionary defines "unconditional ownership" as follows:

"When the quality of the estate is not limited or affected by any condition."

65 C. J. 1200 defines it as synonymous with "absolute."

The giving of a quitclaim deed by the appellant to the appellee wholly ignores the meaning and use of this special word used in the contract. To give this specifically chosen word used in the contract any reasonable meaning or application whatever in construing the contract we cannot avoid holding that the land conveyed was not to be subject to any burden or encumbrance. These burdens would make the conveyance conditional and not absolute.

We conclude that the appellant had statutory authority to make the contract it did make and under the allegations of the petition it failed to carry out or comply with the terms of such contract.

The petition stated facts sufficient to constitute a cause of action, and therefore the demurrer thereto was properly overruled.

The ruling is affirmed.