29 190
40 249
40 257
29 190
41 14
29 190
46 46
46 464
29 190
51 8
29 190
56 428
29 190
59 496
29 190
62 362
29 190
64 772
29 190
e70 895
29 190
72 99
f73 378

29 190
79 695

29 190
f81 395

## THE CITY OF SEDAN v. SUSAN B. CHURCH.

1. NEW TRIAL, *Order Granting, May be Correct.* Where a motion is made by the plaintiff for a new trial, upon the grounds that the verdict is contrary to the law and the evidence, and that the court erred in refusing to admit certain evidence, and in refusing to give certain instructions to the jury, and the court sustains the motion and grants the new trial, *held,* that the ruling of the court may be correct, although the petition of the plaintiff may be inartistically drawn, and although the preponderance of the evidence may be in favor of the defendant.

2. NEW TRIAL *Ought to be Granted, When.* Trial courts are invested with a very large and extended discretion in the granting of new trials; and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court and the parties themselves understood them.

3. NEW TRIAL, *Order Granting, When Reversed.* The supreme court will not reverse the order of the trial court granting a new trial unless the supreme court can see beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made.

4. ——— A much stronger case for reversal must be made where a new trial is granted than where it is refused.

*Error from Chautauqua District Court.*

MAY 29, 1882, the district court granted plaintiff *Church* a new trial. This order the defendant *City of Sedan* brings here for review. The opinion states the facts.

*Chas. J. Peckham,* for plaintiff in error.

*B. L. Brush,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Susan B. Church against the city of Sedan, for injuries alleged to have

resulted from a fall occasioned by obstructions on a sidewalk. The case was tried before the court and a jury, and the jury found a general verdict in favor of the defendant and against the plaintiff; and the plaintiff then moved for a new trial, upon the grounds that the verdict was contrary to the law and the evidence, and that the court erred in refusing to admit certain evidence, and in refusing to give certain instructions to the jury. The court sustained the motion, and granted a new trial; and the defendant now, as plaintiff in error, brings the case to this court, and asks for a reversal of the order of the court below granting the new trial. No new trial has yet been had, no final judgment has yet been rendered, and no final order has yet been made; but the action is still pending in the court below, undisposed of.

For the purposes of the case, we shall assume that upon the preponderance of the evidence the verdict of the jury was correct; and we shall also assume that the petition of the plaintiff below is not as formal, or as complete, or as artistically drawn, as it should be; and still we think the order of the court below granting the new trial must be affirmed, for although the petition is inartistically drawn, still we think it states sufficient facts to constitute a cause of action; and the evidence introduced on the trial on the part of the plaintiff would, if it were not contradicted by other evidence, be sufficient from which a verdict might have been found in favor of the plaintiff. Besides, there were other reasons for which the court below may have granted the new trial, and which might, if we could understand them just as well as the court below understood them, be sufficient to authorize the granting of the new trial. Trial courts are invested with a very large and extended discretion in the granting of new trials; and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly

that the supreme court could understand them as well as the trial court and the parties themselves understood them. And generally where the trial court grants a new trial to one party, it would be best for the other party, if he supposes he has a reasonably good case, to rely upon the new trial, and the verdict or finding to be obtained at the new trial, in preference to immediately taking the case to the supreme court; for unless the supreme court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with reference to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made, the supreme court will not reverse the order of the trial court granting the new trial. Where a new trial is granted, both parties are afforded another opportunity to have a fair and impartial trial upon the merits; but where the new trial is refused, the parties are deprived of such opportunity, and no opportunity is given to either of the parties or to the court for the correction of any errors or mistakes which may have intervened during the original trial; and by such refusal, irrevocable injustice may be done to the party asking for the new trial. The supreme court will very seldom, and very reluctantly, reverse a decision or order of the trial court which grants a new trial. A much stronger case for reversal must be made where the new trial is granted than where it is refused. Upon this question we would refer to the authorities cited in the case of *Brown v. A. T. & S. F. Rld. Co.*, just decided by this court.

The judgment of the court below will be affirmed.

All the Justices concurring.