CITIZENS' STATE BANK OF LAWTON V. CHATTANOOGA STATE
BANK OF CHATTANOOGA *et al.*

No. 2196, Okla. T. 'Opinion Filed May 12, 1909.

(101 Pac. 1118.)

1. **REPLEVIN—Demand—Costs.** In order to maintain an action of replevin, even where the original taking was not tortious or wrongful, a demand for possession of the property is not a condition precedent.

   (a) In an action for the possession of property, where the defendant, without demand, was rightfully in possession, and there being no evidence of demand, he is entitled to costs.

   (b) If no demand is made, and the original possession of defendant be lawful, and he tenders the property to the plaintiff, and upon its delivery by proper answer or plea discharges the action, costs should be taxed against the plaintiff.

   (c) If the defendant does not pursue this course, and contests the action, the writ will be sufficient demand, and defending the suit a refusal.

2. **APPEAL AND ERROR—Review—Discretion of Court—Granting of New Trial.** The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law.

   (Syllabus by the Court.)

*Error from District Court, Comanche County; F. E. Gillette, Judge.*

Action by the Citizens' State Bank of Lawton against the Chattanooga State Bank of Chattanooga and others. Judgment for defendants, and plaintiff brings error. Affirmed.

On the 27th day of November, A. D. 1903, the Citizens' State Bank of Lawton, as plaintiff, commenced its action in the probate court of Comanche county, Okla. T., against the Chattanooga State bank of Chattanooga, as defendant, alleging in its petition: That about the 5th day of September; A. D. 1903, one John Ma-

soner (who was attempted to be made a party defendant in that action, but upon whom no service was had) made, executed, and delivered to the plaintiff at Lawton, Comanche county, his certain promissory note of said date in the sum of $500. That he secured the same by a chattel mortgage on 50 head of coming three year old steers, branded "K" on left hip; 34 head of mixed cattle, branded "K H" and "J O P" on left side; 11 head of dry cows, branded "T F F" on left side; and 43 coming three year old steers, branded "O" on left side— which property was then in Comanche county and owned by and in the possession of said John Masoner. That said mortgage was duly filed in the office of the register of deeds of said county on said date, and on the 23d day of November, A. D. 1903, the defendant wrongfully took said property from the possession of said John Masoner and still detains the same from the plaintiff without its consent, and to its damage in the sum of $500. Then follows a prayer for judgment against the defendant for the recovery of said cattle and for damages, etc. The defendant, the Chattanooga State Bank, answered and claimed said property by virtue of a certain subsequent mortgage, in which was set up a different description of the cattle. Said case was tried in the probate court, each party claiming under its respective mortgage, and judgment was rendered in favor of the plaintiff. Said cause was duly appealed to the district court of said county, and on the 26th day of September, 1906, same was tried in the district court and judgment rendered in favor of the plaintiff. Afterwards, in due time, a motion for a new trial was filed, and the court sustained the same and set aside the verdict therein, to which action of the court the plaintiff duly excepted and prosecuted its appeal therefrom to the Supreme Court of the territory of Oklahoma, and, by virtue of the provisions of the Enabling Act and the Schedule to the Constitution, same is now properly before this court for determination.

*J. N. Hamill,* for plaintiff in error.—Demand in replevin unnecessary where defendant contests case on its merits: Shinn on Replevin, p. 407; *George v. Hewlett,* 70 Miss. 1; *Peake v. Coul-*

*an,* 43 Iowa, 207; *Heagney v. J. I. Case Co.* (Neb.) 96 N. W. 175; *Cal. Fruit Ass'n v. Stelling,* 141 Cal. 713; *Raper et al. v. Harrison* (Kan.) 15 Pac. 219; *Kuykendall v. Fisher* (W. Va.) 56 S. E. 48; *Byrne v. Byrne,* 89 Wis. 659; *Bunoe v. McMahon,* 6 Wyom. 24; *Guthrie v. Olson,* 44 Minn. 404; *Seattle Nat. Bank v. Meerwaldt,* 8 Wash. 630; *Webster v. Brunswick-Balke Co.,* 37 Fla. 433; *Brietenwischer v. Clough,* 111 Mich. 6.

B. M. Parmenter and C. M. Myers, for defendants in error. —On necessity of demand: Shinn on Replevin, pp. 259, 260; *Brown v. Holmes,* 13 Kan. 366; *Smith v. Woodleof,* 21 Kan. 517; Discretion of court in granting new trial—burden upon party alleging abuse of discretion: *City of Sedan v. Church,* 29 Kan. 190; *Ford v. Bearson,* 37 Kan. 554; *State v. Lockey,* 88 Pac. 528; *Tencote v. Sharp,* 57 Pac. 645.

WILLIAMS, J. (after stating the facts as above). It is insisted by the plaintiff in error that the trial court set aside the verdict of the jury on the ground that there was no testimony showing that plaintiff had made demand on the defendant for the possession of the chattels sued for prior to the bringing of said action, and that in that the court erred as a matter of law, and for that reason this case should be reversed, with instruction to vacate the order granting a new trial. In the case of *Chipman v. McDonald,* 9 Kan. App. 882, 57 Pac. 252, the court said:

"Upon the pleadings as amended at the trial, the admission of the parties, and the evidence, the plaintiff was entitled to judgment for the possession of the property. The defendant was entitled to judgment for his costs. No demand for the possession of the property was proven. The defendant's possession of the property was by the pleadings conceded to be rightful until default. There was no evidence of a demand or refusal to deliver the possession of the property. The court erred in rendering judgment for the defendant for the possession of the property or its value. He was not entitled to the possession of the property upon the pleadings and evidence."

If the defendant in this case had a mortgage junior to that of the plaintiff on the property, its possession of the same would

be lawful until demand by the party holding the superior mortgage thereon. It seems, though, that there is no contention on the part of the defendant that it had a junior mortgage. Its contention is that the property covered by its mortgage was different from that by the mortgage of the plaintiff, and that the property in controversy was not covered by plaintiff's mortgage, but by that of the defendant. Consequently the taking possession of the property in this case, which was after Masoner, the mortgagor, had left the country, and so far as the records discloses without his consent, would seem to be wrongful if it was covered by plaintiff's mortgage, and no demand would be necessary; but, if its possession was either under a subsequent mortgage or by the consent of the mortgagor, its possession would not have been wrongful until demand was made.

Now, the question as to whether or not judgment for the possession of the property in favor of the superior claimant as against one lawfully in possession under an inferior claim, without previous demand, is permissible: In the case of *Deering v. Ford,* 13 Smedes & M. (Miss) 274, the court said:

"The words of the statute are that: 'Whenever any goods or chattels are wrongfully taken or detained, an action of replevin may be maintained, by any person having the right to immediate possession for the recovery thereof, and for the damages sustained by reason of such wrongful taking and possession.' Hutch. Code, 817. We do not think the demand is essential to the recovery, if the plaintiff is entitled to immediate possession, the detention by the defendant is wrongful. If, however, no demand be made before the institution of the suit, and the original possession of the defendant were lawful, he may tender the property to the plaintiff, and, upon its delivery, by proper plea, discharge the action. The plaintiff might even be adjudged to pay the costs. But if, instead of this course, he denies the right of the plaintiff, and contests the action upon its merits, he cannot, after a verdict against him, defeat the recovery on the ground that there was no demand. The writ is a demand, and defending the suit a refusal."

The rule announced in the foregoing cases is supported by the great weight of authority. See 24 Am. & Eng. Ency. of Law

(2d Ed.) p. 510, and authorities cited in footnotes 4 and 6; Shinn on Replevin, § 316; Cobbey on Replevin, § 450.

There is some conflict in the evidence in this record, and it is not clear upon what ground the new trial was granted. The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law. *Brown v. A., T'. & S. F. Ry. Co.,* 29 Kan. 186; *City of Sedan v. Church,* 29 Kan. 190; *Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518; *Willis v. Wyandotte Co.,* 86 Fed. 872, 30 C. C. A. 445.

The judgment of the lower court is affirmed.

All the Justices concur.