## DUNCAN v. McALESTER-CHOCTAW COAL CO.

No. 669.  Opinion Filed November 16, 1910.

**APPEAL AND ERROR—Review—Orders Granting New Trial.** This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Peslie B. Cole, Judge.*

Action by H. L. Duncan against the McAlester-Choctaw Coal Company, a corporation. From an order granting defendant a new trial, plaintiff brings error. Affirmed.

*Wallace Wilkinson,* for plaintiff in error.

DUNN, C. J. This case presents error from the district court of Pittsburg county, and was begun April 5, 1907, by plaintiff in error, as plaintiff, filing a complaint in the office of the clerk of the United States Court for the Central District of the Indian Territory at McAlester. The action was one for damages growing out of the alleged negligence of defendant in the operation of a coal mine. The plaintiff alleges he was injured by an explosion of gas which had been allowed to accumulate in the said mine by and through the carelessness and negligence of defendant in failing to properly ventilate. The averments of the complaint are all denied in the answer of the defendant, and the case, on the issues made, was duly submitted to a jury, which, on the evidence produced by the respective parties, returned a verdict for plaintiff in the sum of $1,000. Defendant filed a motion for a new trial, setting out that the verdict of the jury was contrary to the law and the evidence. Upon argument, the court after considering the same, vacated and set aside the verdict and granted the defendant a new trial, whereupon plaintiff prepared a case-made and has presented the same to this court, praying a review of the order so made. An inspection of the face of the record discloses that, while the evidence is conflicting, there was ample to require the submission of the cause to the jury and to sustain the verdict returned. The court, in setting aside the verdict, made no comment, and we are not advised what specific grounds were urged and considered by the court as sufficient to justify its action. In what particular it appeared to the court that the verdict was not sustained by sufficient evidence, whether on account of the credibility of the witnesses or other matters appearing on the trial cog-

nizant to the trial court but not to us, it appeared that there had not been a fair trial, we cannot say; the rule which has been adopted by this court in cases of this character is announced in the syllabus to the case of *Hogan et al. v. Bailey (ante)*, 110 Pac. 890, as follows:

"This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

No brief is filed on the part of defendant in this court, but counsel for plaintiff state in the brief filed that the only question presented by the motion for new trial, or that could have been properly considered on the hearing of the said motion, was whether the verdict was contrary to the evidence. The sixth ground in the paragraph providing for a new trial, section 5825, Comp. Laws of Oklahoma, 1909, is, "that the verdict * * * is not sustained by sufficient .evidence or is contrary to law." And it is asserted by counsel that it is possible that this court will hold that the language used in the motion filed will come within the terms of this section of the statute. It does not come within any other and was doubtless considered by the court as coming within this one. It challenged the legal sufficiency of the evidence to sustain the conclusion to which the jury arrived. The identical question here raised was before the Supreme Court of Kansas in the case of *Atyeo v. Kelsey*, 13 Kan. 212. A new trial was granted by the trial court and appeal taken. The Supreme Court of that state, in the consideration of the case, speaking through Mr. Justice Valentine, said:

"The question is discussed in the brief of counsel for plaintiff in error as though the new trial was granted solely upon the ground that the verdict was not sustained by sufficient evidence. Now, the record does not show that the new trial was granted upon this ground alone; but, for the purpose of this case, we will sup-

pose that it was, and still we do not think that we can reverse the ruling of the court below. The evidence was conflicting and contradictory, and while we think the preponderance of the evidence sustains the verdict, still we cannot reverse the ruling of the court below for that reason (*Anthony v. Eddy*, 5 Kan. 127; *Field v. Kinnear, Id.* 233, 238; *Owen v. Owen*, 9 Kan. 91, 96), for the preponderance is not great. Before we would reverse in such a case, the preponderance of the evidence would have to be so overwhelmingly great that it would show an abuse of judicial discretion on the part of the court below in setting aside the verdict and granting a new trial. Where a new trial has been granted, both parties have another opportunity of having a fair and impartial trial upon the merits of the action. But where a new trial has been refused, the matter is ended unless a reversal can be had. Hence, new trials should be favored instead of being disfavored, wherever any question can arise as to the correctness of the verdict. As a rule, no verdict should be allowed to stand unless both the jury, and the court trying the cause, can say that they believe that the verdict is correct. While the question is before the jury they are the sole and exclusive judges of all questions of fact; but when the matter comes before the court upon a motion for a new trial, it then becomes the duty of the court to determine for itself whether the verdict is sustained by sufficient evidence or not (Gen. St. 687, sec. 306, sub. 6), and the decision of the trial court in such a case has almost controlling force with the appellate court."

The foregoing discussion and that contained in the case of *Hogan et al. v. Bailey, supra,* along with the authorities therein cited, in our judgment, makes it clear that where a trial court, in the exercise of a sound discretion, grants a new trial, except in cases where the question is one involving a pure, simple and unmixed question of law, this court will not reverse such ruling unless it can be seen beyond all reasonable doubt that the trial court has clearly committed error therein, for, as was said by this court in the case of *Hogan et al. v. Bailey, supra:*

"Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

The order of the trial court is therefore, accordingly, affirmed, and the case is remanded to the district court of Pittsburg county.

HAYES, KANE, and TURNER, JJ., concur; WILLIAMS, J., not participating.