## NATIONAL REFRIGERATOR & BUTCHERS' SUPPLY CO. v. ELSING.

### No. 975.    Opinion Filed July 11, 1911.

#### (116 Pac. 790.)

**APPEAL AND ERROR**—Review—Grant of New Trial—Discretion. The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action between the National Refrigerator & Butchers' Supply Company and John Elsing. From an order granting a new trial, the Supply Company brings error. Affirmed.

*E. Allan Boyd* and *W. H. Moore,* for plaintiff in error.

KANE, J. The only ground for reversal urged in the above-entitled cause is that the court below abused its discretion in granting a new trial. We have examined the record, and cannot agree with counsel for plaintiff in error. The motion for a new trial contains substantially all the statutory grounds, and it is not clear from the record upon what ground a new trial was granted. Under similar circumstances this court held:

"The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law." (*State Bank of Lawton v. Chattanooga State Bank of Chattanooga et al.,* 23 Okla. 767, 101 Pac. 1118.)

Another and later case wherein the authorities are more fully collected, which passes upon the question of abuse of discretion, is *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890. The fourth paragraph of the syllabus reads as follows:

"This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable

doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

The judgment of the court below must be affirmed.

All the Justices concur.