## JACOBS v. CITY OF PERRY.

No. 1072. Opinion Filed November 14, 1911.

(119 Pac. 243.)

APPEAL AND ERROR—Review—Discretion of Trial Court—Grant of New Trial. This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial.

(Syllabus by the Court.)

*Error from District Court, Noble County; W. M. Bowles, Judge.*

Action by Lizbeath Jacobs against the City of Perry. From an order granting a new trial after verdict for plaintiff, she brings error. Affirmed and remanded.

*P. W. Cress,* for plaintiff in error.

DUNN, J. This case presents error from the district court of Noble county. Plaintiff in error, as plaintiff, brought her action against the city of Perry, to recover damages for personal injuries sustained on account of the alleged negligence of the defendant in failing to keep its sidewalks in a reasonably safe condition for public travel. To a petition alleging these facts, defendant filed its answer, and the issues tendered thereby were duly submitted to a jury, which, on the 23d day of September, 1908, returned a verdict for plaintiff in the sum of $1,400. On a motion for a new trial being filed, in which all of the statutory

·grounds ·were set ·forth, some of which ,were supported by affi-davits, the· trial court, on· the 15th· day of· October, 1908,· granted the same, setting forth that ·it, "being sufficiently advised· in the premises, finds· that substantial· justice has not been done in the premises, and that said motion for a new trial should be· sus-tained." From this order allowing the motion for a new trial, plaintiff has brought the case to this court, asking for a reversal of the same, and that the trial court be ordered to render judg-ment on the verdict. Counsel for defendant· in error has filed no brief herein; counsel for plaintiff in error has briefed the case on the proposition that the court erred in the exercise of its discretion in the order granting a new trial.

In this contention we are unable to agree; the rule obtaining in this jurisdiction being that this court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, be-yond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very. seldom and very reluctantly reverse the decision or or-der of the trial court which grants a new trial. *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890; *Farmers' & Mer. Nat. Bank of· Hobart v. School Dist. No..56 et al.,* 25 Okla. 284, 105 Pac. 641.

Discussing the duties of the trial court on the presentation of a motion for a new trial, this court in the case first cited said :

"The trial court has a higher function under our jurispru-·dence than to act merely as a moderator or umpire between con-tending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause, ·and to have the· facts weighed in the light of proper instructions, declaring the ·law relative thereto;. but it is. the imperative, abiding ..duty of the court, after. the jury has returned its verdict and awarded· to one or the other success in. the controversy, where the justness of the same. is challenged, as in this case, to care-fully weigh the entire matter, and, unless it is satisfied that the verdict is responsive to the demands of justice, to set·the verdict

aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand. *Yarnell v. Kilgore,* 15 Okla. 591, 82 Pac. 990; *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 113; *Ten Gate v. Sharp,* 8 Okla. 300, 57 Pac. 645; *City of Sedan v. Church,* 29 Kan. 190; *Citizens' State Bank of Lawton v. Chattanooga State Bank,* 23 Okla. 767, 101 Pac. 1118, and cases therein cited."

Under the doctrine therein set forth, we cannot find that error was committed by the trial court in its allowance of the order for a new trial, in view of the fact that it found specifically that in its judgment substantial justice had not been done in the premises; hence the order made, granting a new trial, is affirmed, and the cause remanded to the trial court.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; HAYES, J., absent, and not participating.