## DAVIS v. STILLWELL *et al.*

No. 1677.    Opinion Filed May 14, 1912.

(124 Pac. 74.)

1.    APPEAL AND ERROR—Ground for New Trial.    An order of court setting aside a verdict and granting a new trial will not be reversed unless it clearly appears that the trial court committed error with regard to an unmixed question of law.

2.    SAME—Conflicting Evidence.    Where the pleadings and evidence raised an issue as to whether a deed was procured by fraud, and the evidence upon this question was conflicting, an order setting aside a verdict and granting a new trial will not be disturbed.

(Syllabus by Rosser, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by Henry M. Stillwell and Fred E. Coss against Daniel L. Colbert and others.    Emma Hicks intervened.    From an order

setting aside the verdict and granting a new trial, defendant Leland L. Davis brings error.   Affirmed.

*Benj. & Villard Martin,* for plaintiff in error.

*George A. Murphy* and *Hutchings & German,* for defendants in error Stillwell and Coss.

*N. B. Maxey, Thos. W. Leahy,* and *J. B. Campbell,* for defendant in error Emma Hicks, *nee* Grayson.

Opinion by ROSSER, C.   Henry M. Stillwell and Fred E. Coss brought an action in the district court of Muskogee county, Okla., against Daniel L. Colbert, the International Land Company, a corporation, Leland L. Davis, and William W. McKay, to recover certain lands described in the petition.   The petition contained the ordinary allegations of ownership, and that the defendants kept the plaintiffs out of possession.   The defendants filed separate answers.   Emma Hicks, *nee* Grayson, intervened in the suit, and in her petition of intervention she denied that any of the' parties plaintiff or defendant were the owners or entitled to the possession of the land.   She alleged that she was the owner of the land and entitled to the possession.   She alleged that she was a freedman of the Creek Nation and that the land was deeded to her as her surplus allotment.   She alleged that she attained her majority August 31, 1906.   She alleged that Leland L. Davis and his brother, Odus W. Davis, made her propositions to rent her land for grazing purposes, and that on three separate occasions she did rent the land to them for grazing, receiving $10 from them for each rental contract, and that she had received no other or further sum from them, or either of them, or from any person on their behalf.   She further alleged that she is unable to read or write, and that the grazing leases were taken in the form of warranty deeds.   She further alleged that the deed given to Odus W. Davis was executed during her minority.   She made numerous other allegations with reference to the other parties to the suit, but it is not necessary for the purposes of this case to set them out more fully.

Leland L. Davis answered and denied that the intervener was the owner of the land, and also denied that he had at any time made propositions to rent her land for grazing purposes, or any other purpose, and denied that he paid her the sum of $10 as rent for grazing leases. He alleged that the intervener executed two warranty deeds to him, and that she understood and knew that she was executing warranty deeds, and denied that he made any false or fraudulent representations. His answer to the intervening petition does not state what consideration he paid for the land. All the parties to the suit filed separate answers to the intervener's petition, each denying all the material allegations so far as they affected him, and admitting them so far as detrimental to opposing parties.

Evidence was offered at the trial to show the execution of the deed to the plaintiff Coss, and also that it was read over to Emma Hicks, *nee* Grayson, before she signed it, and also that some consideration was paid, though no witness testified as to the exact amount. Two or three witnesses were offered to show that Emma Hicks, *nee* Grayson, was about eighteen years old at the time of the trial. None of the oral testimony as to age was clear or convincing, and might very reasonably have been disregarded by the jury.

Emma Hicks, *nee* Grayson, and her mother both testified in the case, but were not interrogated with reference to her age. Emma Hicks, *nee* Grayson, testified, among other things, that she had never sold the land to either Davis, and that she had only received $30 for making the three deeds.

Leland L. Davis testified that he paid Emma Hicks, *nee* Grayson, $120 for the land. He was corroborated in this statement to a certain extent by one witness.

A certificate of the commission to the Five Civilized Tribes was introduced in evidence which showed that Emma Hicks, *nee* Grayson, was enrolled as of August, 1898, and that she was ten years of age at the time of her enrollment. The certificate was signed, "J. George Wright, Commissioner to the Five Civilized

Tribes, S. C. Pitts, Clerk." Several instructions were requested by the different parties and refused by the court.

The question was specially submitted to the jury as to when Emma Hicks, *nee* Grayson, arrived at the age of eighteen years. The jury returned the special verdict that she arrived at the age of eighteen in August, 1906. The jury also returned a general verdict in favor of the defendant Leland L. Davis finding that he was the owner of the land.

The plaintiffs and intervener filed a motion for new trial, which the court sustained. The defendant Leland L. Davis prosecutes this appeal from the order of the court setting aside the verdict and granting a new trial in the case.

A peculiarity about this case is that none of the witnesses, so far as it can be found from the record, or rather none of the interested parties, were disposed to make a frank and full statement of the whole transaction. The motion for new trial sets up fourteen grounds. It was sustained generally, and the record nowhere shows upon what ground or grounds the court acted in sustaining it.

It has been held in a number of cases that this court will not reverse an order granting a new trial unless it clearly appears that the trial court erred with regard to an unmixed question of law. *Citizens' State Bank v. Chattanooga State Bank*, 23 Okla. 767, 101 Pac. 1118; *Hogan v. Bailey*, 27 Okla. 16, 110 Pac. 890; *Duncan v. McAlester-Choctaw Coal Co.*, 27 Okla. 427, 112 Pac. 982; *National Refrigerator & Butchers' Supply Co. v. Elsing*, 29 Okla. 334, 116 Pac. 790.

The question of fraud in obtaining the deeds to Leland L. Davis was not an unmixed question of law and was principally a question of fact. It was presented by the pleadings and the evidence and urged in the motion for a new trial. It cannot be said that the court abused its discretion in granting a new trial.

There are other questions presented in the briefs, but they are not material to the decision of this case under the view here taken of the action of the court. The same questions will arise upon another trial, but they have been decided in other opinions,

prepared but not yet handed down, which will be before the trial court when this case is again reached, and 'it is not necessary to lengthen this opinion by deciding them here.

By the Court: It is so ordered.