## DIAMOND v. SHAW.

No. 1888. Opinion Filed July 23, 1912.

(125 Pac. 726.)

APPEAL AND ERROR—Review—Ruling on Motion for New Trial. An order sustaining a motion for a new trial will not be reversed by the Supreme Court, unless it can be seen beyond a reasonable doubt that the trial court has manifestly erred as to an unmixed question of law.

(Syllabus by the Court.)

*Error from Grant County Court;*
*Emery H. Breeden, Special Judge.*

Action between August Diamond and Clinton Shaw. From the judgment, Diamond brings error. Affirmed.

*J. B. Drennan,* for plaintiff in error.

*A. C. Glenn* and *Mackey & Stephenson,* for defendant in error.

Diamond v. Shaw.

KANE, J. This is an appeal from an order sustaining a motion for a new trial. The motion for new trial contains all the statutory grounds upon which a new trial may be granted. There is nothing to indicate upon which ground the motion was sustained. Counsel for plaintiff in error, in his brief, says that the second, third, and sixth reasons are not sworn to, as provided by the statutes of the state of Oklahoma, and then takes up the fifth ground for new trial, "The verdict of the jury was not sustained by sufficient evidence, and is contrary to law," and contends that the motion should not have been granted on that ground. We may grant all this; but, as was said by Mr. Chief Justice Brewer, in *Ryan v. Topeka Bridge Company,* 7 Kan. 208:

"There may have been abundant reason in those other grounds for setting aside the verdict, and, for aught that appears in the record, the court acted on those grounds. Even if we should examine the question presented by counsel and find error, we would still be unable to say that such erroneous ruling was the ground of disturbing the verdict."

Moreover, an order sustaining a motion for a new trial will not be reversed by the Supreme Court, unless it can be seen beyond a reasonable doubt that the trial court has manifestly erred as to an unmixed question of law. *Nat. Refrigerator & Butchers' Supply Co. v. Elsing,* 29 Okla. 334, 116 Pac. 790.

From what has been said, it is obvious that the case at bar does not fall within that rule. The judgment of the court below must therefore be affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.