## SHARP v. CHOCTAW RY. & LIGHTING CO.

No. 2005.   Opinion Filed August 20, 1912.

Rehearing Denied October 8, 1912.

(126 Pac. 1025.)

**APPEAL AND ERROR** — Order Granting New Trial — Review.   This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made.   The Supreme Court will very seldom and very reluctantly reverse. the decision or order of the trial court which grants a new trial.   Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982.

(Syllabus by Sharp, C.)

*Error from Superior Court, Pittsburg County;*
*P. D. Brewer, Judge.*

Action by Ellen M. Sharp against the Choctaw Railway & Lighting Company.   Judgment for plaintiff.   From an order granting a new trial, the plaintiff brings error.   Affirmed.

*E. Allen Boyd* and *W. H. Moore,* for plaintiff in error.

*W. H. Fuller* and *Stuart, Gordon & Liedtke,* for defendant in error.

Opinion by SHARP, C.   Plaintiff, the widow of Boyd Sharp, deceased, sued the defendant for damages for the wrong-

ful death of her husband, caused by the negligence and careless-
ness of defendant company in the alleged construction, operation,
and maintenance of its electric railway in and between the city
of McAlester and the town of Hartshorne, in Pittsburg county.
The jury returned a verdict for plaintiff in the sum of $4,500.
Thereupon defendant filed its motion for a new trial, assigning
eighteen grounds of error, among which were: (1) Misconduct
of the jury and of the prevailing party; (2) because the ver-
dict was contrary to the law; (3) because the verdict was not
sustained by the evidence; (4) because the verdict was excessive,
and given under the influence of passion and prejudice against
defendant; (5) because of errors of law occurring at the trial;
(6) because the court erred in giving instructions numbered 2,
3, 4, and 5; (7) because the court erred in refusing to give in-
structions numbered 1, 2, 3, 4, 8, 10, 11, and 16; (8) because the
court overruled defendant's demurrer to the evidence.

The court, in the order sustaining the motion for a new
trial, assigned no reason therefor, and we are not advised what
specific grounds were urged and considered by the court as suffi-
cient to justify its action, other than the reasons assigned in the
motion for a new trial. The testimony taken at the trial is
voluminous. Upon several material questions of fact the testi-
mony was conflicting. In such cases trial courts are invested
with a large and extended discretion, and such orders will not be
reversed in this court, unless it is clear that the trial court has
manifestly and materially erred with respect to some pure, sim-
ple, and unmixed question of law, and that, except for such error,
the ruling of the trial court would not have been made. The
question is one that has often been before this court. *Ten Cate
v. Sharp,* 8 Okla. 300, 57 Pac. 645; *Yarnell v. Kilgore,* 15 Okla.
591, 82 Pac. 990; *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113;
*Citizens' State Bank v. Chattanooga State Bank,* 23 Okla. 767,
101 Pac. 1118; *Farmers' & Merchants' Nat. Bank v. School Dis-
trict No. 56 et al.,* 25 Okla. 284, 105 Pac. 641; *Duncan v. Mc-
Alester-Choctaw Coal Co.,* 27 Okla. 427, 112 Pac. 982; *Hogan
et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890; *Nat. Refrigerator &
Butchers' Supply Co. v. Elsing,* 29 Okla. 334, 116 Pac. 790; *Ja-*

*cobs v. City of Perry,* 29 Okla. 743, 119 Pac. 243; *Chapman v. Mason et al.,* 30 Okla. 500, 120 Pac. 250; *Stapleton v. O'Hara,* 33 Okla. 79, 124 Pac. 55; *Jamieson v. Classen Co.,* 33 Okla. 77, 124 Pac. 67; *Ardmore Lodge No 9, I. O. O. F., v. Dawson,* 33 Okla. 37, 124 Pac. 66; *Davis v. Stillwell,* 32 Okla. 757, 124 Pac. 74.

The rule of decisions in the state of Kansas is the same as adopted in this state. *Anthony v. Eddy,* 5 Kan. 127; *Field v. Kinnear,* 5 Kan. 233, 238; *Owen v. Owen,* 9 Kan. 91; *Atyeo v. Kelsey,* 13 Kan. 212; *Brown v. Atchison, etc., Ry. Co.,* 29 Kan. 186; *City of Sedan v. Church,* 29 Kan. 190; *McCreary v. Hart et al.,* 39 Kan. 218, 17 Pac. 839; *Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518; *Willis v. Wyandotte Co.,* 86 Fed. 872, 30 C. C. A. 445.

Where a new trial is granted, this court will interfere only where the trial court misapplies or mistakes some principle of law, or manifestly abuses its discretion. New trials are to be favored, instead of being disfavored, where any serious question can arise as to the correctness of the verdict. If the trial court, in the exercise of a sound judicial discretion, after timely motion filed, is convinced that error was committed in the trial, it is his duty to grant a new trial. As was said in *Hogan et al. v. Bailey, supra*:

"Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, when challenged, be permitted to stand."

Where a new trial has been granted, both parties have another opportunity to have a fair and impartial trial upon the merits of the action; but where a new trial has been refused, the matter is ended, unless a reversal can be had. And where the court grants a new trial, and it does not affirmatively appear that the same was upon some pure, simple, and unmixed question of law, its decision is of controlling force on appeal, and this court will in such cases reverse only where the trial court has clearly abused its discretion.

The order of the court below, granting a new trial, will be affirmed.

By the Court: It is so ordered.