## ST. LOUIS & S. F. R. CO. v. FISHER.

No. 3633. Opinion Filed. February 18, 1913.

Rehearing Denied June 30, 1913.

(133 Pac. 41.)

**APPEAL AND ERROR—Granting New Trial—Evidence—**Where, in passing on a motion for new trial, it is necessary for the trial court to pass upon conflicting testimony as to a controverted question of fact in order to determine whether, under the law, the movant is entitled to a new trial, is granted, the order will not be reversed by this court unless there appears a clear abuse of discretion or misapplication of law.

(Syllabus by Harrison, C.)

*Appeal from District Court, Bryan County;*
*A. H. Ferguson, Judge.*

Action by Mrs. C. A. Fisher against the St. Louis & San Francisco Railway Company. Judgment for defendant, and from an order granting plaintiff a new trial, defendant appeals. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*J. M. Crook* and *Utterback, Hayes & McDonald,* for defendants in error.

Opinion by HARRISON, C. This suit was commenced in the district court of Bryan county in August, 1910, by Mrs. C. A. Fisher against the St. Louis & San Francisco Railroad

Company for damages sustained from injuries alleged to have been caused by the negligence of defendant while plaintiff was alighting from defendant's passenger train at Platter, Okla., May 22, 1910. The cause was tried to a jury in May, 1911, resulting in a verdict in favor of the defendant railroad company. Whereupon plaintiff filed motion for a new trial, which was overruled. Thereafter, at the same term of court, plaintiff filed a second motion for a new trial, which was granted, and from the order granting a new trial the railroad company appealed.

The only question involved is whether the court abused its discretion in setting aside the verdict and granting a new trial. The doctrine of this court has been that trial courts must necessarily be vested with a reasonable range of discretion in granting or refusing new trials, and where a new trial is granted it has been the rule to affirm such order unless there appears to have been a clear abuse of discretion or misapplication of law.

In *Sharp v. Choctaw Ry. & Lighting Co.*, 34 Okla. 730, 126 Pac. 1025, in opinion rendered August 20, 1912, by Sharp, C., of Division No. 1, wherein all the authorities on this question from this court and from the courts of Kansas are collated, it was held:

"Where a new trial has been granted, both parties have another opportunity to have a fair and impartial trial upon the merits of the action; but where a new trial has been refused, the matter is ended, unless a reversal can be had. And where the court grants a new trial, and it does not affirmatively appear that the same was upon some pure, simple, and unmixed question of law, its decision is of controlling force on appeal, and this court will in such cases reverse only where the trial court has clearly abused its discretion."

The decision of the court below was not based wholly upon an unmixed question of law. There was a controverted question of fact upon which there was conflicting testimony. The court necessarily had to pass upon such fact in order to determine whether the statute on new trials was applicable; and

having passed upon same and determined thereupon that the plaintiff was entitled to a new trial under the statute, in view of the well-settled doctrine of this court, the order will not be disturbed. *Ten Cate v. Sharp,* 8 Okla. 300, 57 Pac. 645; *Yarnell v. Kilgore,* 15 Okla. 591, 82 Pac. 990; *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113; *Citizens' State Bank v. Chattanooga State Bank,* 23 Okla. 767, 101 Pac. 1118; *Farmers' & Merchants' Nat. Bank v. School District No. 56 et al.,* 25 Okla. 284, 105 Pac. 641; *Duncan v. McAlester-Choctaw Coal Co.,* 27 Okla. 427, 112 Pac. 982; *Hogan et al v. Bailey,* 27 Okla. 15, 110 Pac. 890; *Nat. Refrigerator & Butchers' Supply Co. v. Elsing,* 29 Okla. 334, 116 Pac. 790; *Jacobs v. City of Perry,* 29 Okla. 743, 119 Pac. 243; *Chapman v. Mason et al.,* 30 Okla. 500, 120 Pac. 250; *Stapleton v. O'Hara,* 33 Okla. 79, 124 Pac. 55; *Jamieson v. Classen Co.,* 33 Okla. 77, 124 Pac. 67; *Ardmore Lodge No. 9, I. O. O. F., v. Dawson,* 33 Okla. 37, 124 Pac. 66; *Davis v. Stillwell,* 32 Okla. 757, 124 Pac. 74; *Anthony v. Eddy,* 5 Kan. 127; *Field v. Kinnear,* 5 Kan. 233, 238; *Owen v. Owen,* 9 Kan. 91; *Atyeo v. Kelsey,* 13 Kan. 212; *Brown v. Atkinson, etc., Railway Co.,* 29 Kan. 186; *City of Sedan v. Church,* 29 Kan. 190; *McCreary v. Hart et al.,* 39 Kan. 218, 17 Pac. 839; *Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518; *Willis v. Wyandotte Co.,* 86 Fed. 872, 30 C. C. A. 445. Also, *St. L. & S. F. R. Co. v. Card, ante,* 132 Pac. 144.

Therefore, following the rule so often announced in the foregoing cases, the order of the trial court granting a new trial is affirmed.

By the Court: It is so ordered.