SIPES *et al.* v. DICKINSON *et al.*

No. 3094.   Opinion Filed November 18, 1913.

(136 Pac. 761.)

1.  APPEAL AND ERROR—New Trial—Discretionary Ruling.   In the granting of motions for new trials as well as on petitions to vacate judgments, trial courts are vested with a large and extended discretion, and their orders in such matters will not be interfered with or reversed in this court unless it is clear that manifest and material error with respect to some pure, simple, and unmixed question of law has been made, and that except for such error the ruling would not have been made.

2.  CANCELLATION OF INSTRUMENTS—Petition—Rescission for Fraud—"Fraud."   A petition to rescind a contract for fraud must charge that a material representation was made by defendant to

plaintiff; that this representation was false and that defendant knew it to be false when made; that it was made with the intention of inducing plaintiff to perform the act complained of; that plaintiff relied on the truthfulness of the representations and was deceived thereby; and that damage resulted from such deception.

3.    SAME—Sufficiency.   Petition examined, and held to be good as against a general demurrer and sufficient to sustain the judgment of the trial court.

(Syllabus by Robertson, C.)

*Error from District Court, Pontotoc County:*
*Robt. M. Rainey, Judge.*

Action by J. M. Dickinson and others, partners, etc., against the Little Crater Company, Charles B. Sipes, and others. Judgment for plaintiffs. From an order refusing to vacate, defendants bring error. Affirmed.

*Blanton & Andrews,* for plaintiffs in error.

*Clinton A. Galbraith,* for defendants in error.

Opinion by ROBERTSON, C.   On May 19, 1910, the plaintiffs below commenced an action against the defendants below in the district court of Pontotoc county, and sought thereby to cancel a deed to 320 acres of land in said county and to recover back a sum of money theretofore paid the defendants by the plaintiffs.   On the 20th day of June thereafter, the defendants filed a general demurrer to the petition of plaintiffs, and specially urged therein that said petition did not state facts sufficient to constitute a cause of action in favor of plaintiffs and against defendants.   From the record it appears that this demurrer was regularly set for hearing and, on the 29th day of September following, in the absence of the defendants and their counsel, the same was overruled, but an exception was given them by the court, and at the same time an order was entered giving defendants ten days in which to answer, of which order they had due notice.   The ten days elapsed, and on the 10th day of November following, default was taken against the defendants, and the cause was tried to the court and a judgment, entered in favor of the plaintiffs, canceling the conveyance described in plaintiffs' petition and decreeing the

title to the land in controversy in the plaintiffs and giving judgment for $500 and costs against the defendants in favor of the plaintiffs for money fraudulently obtained. Thereafter and on November 19, 1910, the defendants filed their petition in said cause to vacate said judgment and asking that a new trial be granted them, alleging, as grounds therefor, irregularity on the part of the plaintiffs, by which defendants were prevented from having a fair trial, and accident and surprise which ordinary prudence could not guard against, and challenging the sufficiency of the petition, and alleging that the judgment was contrary to law, and also alleging error in the action of the court in overruling their demurrer to the petition of plaintiffs. This petition to vacate the judgment was filed during the term of court at which the judgment was entered, and was, on the 26th day of November, 1910, denied by the court, to which action and ruling the defendants then and there excepted and took time to make and serve a case-made for this court, and they urge here two propositions, viz.: (1) That the court abused its discretion in denying the petition to vacate the judgment; and (2) that the petition upon which the judgment is based did not state facts sufficient to confer jurisdiction upon the court to render judgment theron.

We will consider these assignments in their order. As has been seen above, the record discloses that the petition was filed May 19, 1910; that the general demurrer was filed June 20th thereafter; that on September 29th following, this demurrer was by the court overruled. The order overruling the same was in words as follows:

"Now on this 29th day of September, 1910, the same being one of the juridical days of the regular July, 1910, term, of said court, the above cause coming on for hearing on the demurrer of the defendants to the plaintiffs' petition filed herein; the plaintiffs being present by their counsel and defendants' counsel being absent, and this cause being regularly set for trial this day, the court, after reading the said petition and demurrer, and being otherwise fully advised in the premises, finds that said demurrer is not well taken and should be overruled. It is therefore ordered and adjudged by the court that the demurrer of the defendants to the plaintiffs' petition

be and the same is hereby overruled, to which action of the court the defendants except. It is further ordered by the court that the said defendants are ruled to answer the said petition of the plaintiffs filed herein in ten days from this date.".

It appears from the record that defendants' attorneys were notified of the action of the court in overruling their demurrer, and, on October 12th, they wrote plaintiffs' attorney as follows:

"October 12, 1910. Judge C. A. Galbraith, Ada, Okla.— Dear Judge: We will forward you the answer in the Statler-Waide case within a very short time. We hope that the delay will not inconvenience you in the least, and we do not see how it could, as the court is not in session. We will let you have an answer within the next few days. Yours truly." (Case-Made, p. 48.)

So far as the record discloses, this letter was not answered. The November term of the district court of Pontotoc county began on November 7th, and, on November 10th, the cause being reached on the regular call and the defendants still being in default, judgment was rendered against them. It seems from the record that shortly thereafter counsel for defendants called counsel for plaintiffs over the telephone and asked them to agree that the judgment might be vacated and a new trial granted. No agreement was reached at that time, counsel for plaintiffs asking time for consultation, and later, on November 19th, in a letter addressed to Messrs. Blanton & Andrews at Pauls Valley, Okla., attorneys for the plaintiffs in error, the request to have the judgment set aside was refused. The above are all of the facts disclosed by the record, upon which the first assignment of error is based, and it is upon these facts that counsel for plaintiffs in error rely.

We are of opinion that no abuse of discretion on the part of the trial court in denying the motion to vacate the judgment has been pointed out by plaintiffs in error in their brief. In fact, on page 41 they say:

"The plaintiffs in error are frank to confess a grave doubt as to whether or not the showing made by them for the vacation of the judgment because of unavoidable casualty and misfortune preventing their appearing or defending is sufficient to

require this court to reverse. It was ample to warrant the trial court's doing so."

In the granting of motions for new trials, as well as on petitions to vacate judgments, trial courts are vested with a large and extended discretion, and their orders in such matters will not be interfered with or reversed in this court unless it is clear that manifest and material error with respect to some pure, simple, and unmixed question of law has been made, and that except for such error the ruling would not have been made. The principle involved in the granting or refusal to grant a new trial is the same as that involved in the vacating or refusing to vacate a judgment, especially where the judgment was rendered at the same term at which the application to vacate is presented. This seems to be the universal rule of appellate courts on this subject. As was said in *Ardmore Lodge No. 9, I. O. O. F., v. Dawson et al.*, 33 Okla. 37, 124 Pac. 66:

"The condition upon which this court will reverse an order of a trial court granting a new trial is well settled to be that such ruling will not be set aside unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made."

See, also, *Jacobs v. City of Perry*, 29 Okla. 743, 119 Pac. 243; *Hogan et al. v. Bailey*, 27 Okla. 15, 110 Pac. 890; *Duncan v. McAlester-Choctaw Coal Co.*, 27 Okla. 427, 112 Pac. 982; *Farmers' & Merchants' Nat. Bank of Hobart v. School District No. 56 et al.*, 25 Okla. 284, 105 Pac. 641; *Cit. State Bank of Lawton v. Chattanooga State Bank of Chattanooga et al.*, 23 Okla. 767, 101 Pac. 1118; *Ten Cate v. Sharp*, 8 Okla. 300, 57 Pac. 645; *Yarnell v. Kilgore*, 15 Okla. 591, 82 Pac. 990; *Trower v. Roberts*, 17 Okla. 641, 89 Pac. 1113; *Nat. Refrigerator & Butchers' Supply Co. v. Elsing*, 29 Okla. 334, 116 Pac. 790; *Chapman v. Mason et al.*, 30 Okla. 500, 120 Pac. 250; *Stapleton v. O'Hara*, 33 Okla. 79, 124 Pac. 55; *Jamieson v. Classen Co.*, 33 Okla. 77, 124 Pac. 67; *Davis v. Stilwell*, 32 Okla. 757, 124 Pac. 74.

The rule of decisions in the state of Kansas is the same as adopted in this state. *Anthony v. Eddy,* 5 Kan. 127; *Field v. Kinnear,* 5 Kan. 233, 238; *Owen v. Owen,* 9 Kan. 91; *Atyeo v. Kelsey,* 13 Kan. 212; *Brown v. Atchison, etc., Ry. Co.,* 29 Kan. 18; *City of Sedan v. Church,* 29 Kan. 190; *McCreary v. Hart et al.,* 39 Kan. 218, 17 Pac. 839; *Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518; *Willis v. Wyandotte Co.,* 86 Fed. 872, 30 C. C. A. 445.

Had the trial court, from a consideration of the premises, deemed the· application sufficient, and ordered the vacation of the judgment and awarded a new trial, its action would not have been interfered with here; but, from a consideration of the foregoing authorities and the condition of the record in this case, together with the admission of counsel in their brief, we cannot say that there was an abuse of discretion on the part of the trial court in denying the petition to vacate the judgment, and,. inasmuch as none has been pointed out, we will not disturb the order made denying such relief.

It is next urged that the court erred in refusing to vacate the judgment for that the petition failed to state facts sufficient to constitute a cause of action in favor of plaintiffs and against defendants. It is also argued that the judgment should have been vacated because of error in overruling defendants' demurrer to the petition.

In order to properly consider this assignment, we must examine the petition. It reads as follows:

"First. That at all times hereinafter specified, the Little Crater Company was a corporation duly organized and doing business in the state of Oklahoma, and that the defendant Charles B. Sipes was its duly appointed agent, acting under a written power of attorney, and that the defendants Harry F. Hall and ·W. M. Waide were parties to and participated in the transactions hereinafter complained of.

"Second. That on the 16th day of November, 1909, the plaintiffs were the owners in fee of 320 acres of land, a part of section 17, township 3 north and range 8 east, located in Pontotoc county, state of Oklahoma, the same being the allotment of Richard Dearing, and for more particular description of said land reference is hereby made on Homestead Patent Record, vol.

1, p. 322, and Allotment Patent Record, vol. 1, p. 381, in the register of deeds office in Pontotoc county, state of Oklahoma, which was of the value of $4,500, and the legal title to said land was then in Gale Statler for the use and benefit of the plaintiffs.

"Third. That on said 16th day of November, 1909, the plaintiffs entered into a contract with the defendant the Little Crater Company, acting through its agent, Charles B. Sipes, whereby the said defendant pretended to sell to the plaintiffs the right and license to sell anywhere within the United States certain patented rights or devices designated as crude oil burners, oil burning heaters, oil burning cooking stoves, atomizing oil burners, and oil burning system for stoves and furnaces during the life of said alleged patents for a consideration of $5,000, then and there paid the said defendant, Charles B. Sipes, which said consideration was paid as follows, to wit, $500 in cash and by the conveyance of 320 acres of land above described to the said Charles B. Sipes and others, by the said Gale Statler upon the request of these plaintiffs.

"Fourth. That when these plaintiffs undertook to sell and barter the aforesaid alleged patented devices, they discovered that the same were fraudulent and void, and that their continuing to attempt to sell and barter said devices upon the terms and conditions prescribed by the defendants would render them liable to prosecution for violating the law of the United States and of the state of Oklahoma. That said patented devices and the scheme under which the defendants stipulated that the same should be placed on the market were illegal, and the operation of said scheme was in violation of the laws of the United States and of the state of Oklahoma; and said defendants knew at the time they made the deal with these plaintiffs, or should have known at that time, that their scheme was fraudulent and prohibited by the law of the United States and of the state of Oklahoma; and in making the deal with these plaintiffs as aforesaid they were guilty of fraud and deception and obtained from these plaintiffs by the contract aforesaid the consideration of $5,000 in fraud of the plaintiffs' rights, and without giving anything of value therefor. That although the defendants knew their said scheme was illegal, they represented it to the plaintiffs to be legitimate and lawful, and the plaintiffs believed it to be such at the time said deal was made. That there was a total failure of consideration for the deed for the said 320 acres of land to said defendants, and of the $500 in money paid the defendants. That these plaintiffs did not sell or barter any of said alleged patented articles or devices, and did not realize

anything of value by reason of said trade, but have been compelled to pay out a large sum of money in expenses and attorney's fees, and have been annoyed and harassed on account thereof to their great damage in the sum of $1,000. That C. L. Jackson, the principal agent of the Little Crater Company, was subsequently arrested for operating the same scheme the said Charles B. Sipes worked with these plaintiffs, and is now defendant in a criminal charge pending in the United States Court for the Western District of Oklahoma, at Oklahoma City.

"Fifth. That the defendant Harry F. Hall, on the 20th day of December, 1909, deeded his interest in said 320 acres of land to W. M. Waide. That the said deed was filed for record January 11, 1910, and recorded in Book 6, p. 158, on the deed records of Pontotoc county. That said Hall and Waide were parties to the aforesaid illegal and fraudulent transaction, and were acquainted with the facts connected therewith.

"Wherefore, the plaintiffs pray that the said conveyance of said 320 acres of land of said defendants be canceled, and that the defendants be adjudged to convey said land to these plaintiffs and deliver possession thereof to them, and for judgment against said defendants for $500 cash paid them, and for damages occasioned these plaintiffs by said fraudulent transaction in the sum of $1,000 and for such other and further relief as may be equitable and just and for the cost of this action."

As may be seen, this is an action to rescind a contract for fraud. The petition fairly charges that a material representation was made by defendants to plaintiffs; that these representations were false, and defendants knew them to be false when made; that they were made with the intention of inducing plaintiffs to make the deal complained of; that plaintiffs relied upon the truthfulness of these representations; and, finally, that they were deceived thereby and damage resulted from such deception. This constitutes a good charge of fraud. This court has repeatedly so held. *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; *Gilpin v. Netograph Machine Co. et al.,* 25 Okla. 408, 108 Pac. 382, 29 L. R. A. (N. S.) 477; *Clark et al. v. O'Toole et al.,* 20 Okla. 319, 94 Pac. 547; *Prescott v. Brown,* 30 Okla. 428, 120 Pac. 991; *Edwards v. Miller,* 30 Okla. 442, 120 Pac. 996.

The petition construed liberally, as it must be in this connection, was good as against a general demurrer and amply suffi-

cient to sustain the judgment, and in our opinion the court did not abuse its discretion in denying the petition to vacate on this ground.

It follows that the judgment of the district court of Pontotoc county should be affirmed.

By the Court: It is so ordered.