## HOME STATE BANK OF HOBART v. CLANCY.

No. 3656.   Opinion Filed November 10, 1914.

(144 Pac. 355.)

APPEAL AND ERROR—Discretionary Ruling—New Trial. The Supreme Court will not reverse an order granting a new trial unless error clearly appears in respect to some question of law.

(Syllabus by the Court.)

*Error from County Court, Caddo County;*
*C. R. Hume, Judge.*

Action by the Home State Bank of Hobart, Okla., a corporation, against Jim Clancy. New trial granted, and plaintiff brings error. Affirmed.

*L. M. Keys,* for plaintiff in error.

*A. P. Johnson,* for defendant in error.

BLEAKMORE, J.   This is an appeal from an order granting a new trial. The action is one for the conversion of cattle

claimed by plaintiff under a chattel mortgage. The pleadings were settled and the case set for trial on a day certain, when, upon default of defendant, the cause was tried to the court and judgment rendered for plaintiff. At the same term, but more than three days thereafter, defendant filed his motion to vacate the judgment and grant a new trial for the reasons: (1) Misconduct of the plaintiff and his attorney; and (2) accident and surprise which ordinary prudence could not have guarded against. The motion was supported by affidavits. The defendant contended that by reason of an agreement had between counsel for both parties the cause was not to be tried on the day it appeared upon the calendar, but was to be reset for a later day or continued for the term; that, relying upon such agreement, his attorney was absent from the state at the time of the trial; and that neither defendant nor his counsel learned of the trial of the case and rendition of the judgment until more than three days thereafter. Plaintiff claimed that, while the matter was discussed by counsel, no such agreement was in fact made. The trial court, upon consideration of the affidavits and oral testimony, vacated the judgment and granted a new trial upon payment of costs by defendant. This action of the court is the only error assigned for reversal.

It is the duty of a trial court to see that every litigant is afforded an opportunity to present his case and have it fairly determined upon its merits, unless as a consequence of his own laches he has waived or lost such right.

A motion for a new trial upon the ground assigned is addressed to the discretion of the court; and the uniform rule seems to be that the trial court, having seen and heard all that has taken place in the case and having the best opportunity for the ascertainment of the merits of the motion for a new trial, is allowed a wide range of discretion in determining whether or not the same should be granted. And this court has held, in *Citizens' State Bank of Lawton v. Chattanooga State Bank et al.*, 23 Okla. 767, 101 Pac. 1118, that:

"The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law."

We cannot say that there was error in the order of the trial court granting a new trial, and the same is, accordingly, affirmed.

All the Justices concur.