FREEMAN *et al.* v. FARMERS' & MERCHANTS' BANK.

No. 5416.  Opinion Filed October 5, 1915.

(152 Pac. 105.)

**APPEAL AND ERROR—Discretionary Ruling—Order Granting New Trial.** The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, unless the record shows clearly that the court has erred in the decision of some clear and unmixed question of law, and that the order granting the new trial is based on such erroneous view of the law.

(Syllabus by Devereux, C.)

*Error from District Court, Haskell County;*
*W. H. Brown, Judge.*

Action by the Farmers' & Merchants' Bank, a corporation, against W. F. Freeman and another. Judgment for defendants, and from an order granting a new trial defendants bring error. Affirmed.

This action was brought on a promissory note given by the plaintiffs in error to the defendant in error, and to foreclose a mortgage given to secure such note. The petition is in the usual form, and the answer, which is unverified, was a general denial and a plea of payment. There was evidence on both sides of the issue as to the payment, and the jury found a verdict for the defendants. Within the time allowed by statute the plaintiff in the court below filed its motion for a new trial, as follows:

"(1) Because the verdict of the jury is not sustained by sufficient evidence; (2) because the court erred in admitting evidence on the part of the defendants over the objections of the plaintiff; (3) because the plaintiff was surprised at the nature of the defense interposed by the defendants at the trial; in the way of payment of the note

sued on, which ordinary prudence could not have guarded against; (4) because of newly discovered evidence, material to plaintiff's cause, which plaintiff could not, with reasonable diligence, have known at the time of the trial; and (5) for other good and sufficient reasons."

The court sustained this motion, and the order sustaining the same is as follows:

"Whereupon the court, upon hearing said motion for a new trial and the evidence offered in support thereof, and being fully advised in the premises, sustains said motion for a new trial, upon condition that plaintiff pays the cost of suit accrued to date."

Exceptions were duly saved, and the defendants below bring the case to this court by petition in error and case-made.

*E. O. Clark*, for plaintiffs in error.

*John W. Frederick*, for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). It will be noted that the trial court gave no reason for its action in granting a new trial,, and it might have been granted on any of the grounds set out in the motion. In *Citizens' State Bank of Lawton v. Chattanooga State Bank*, 23 Okla. 767, 101 Pac. 1118, it is said:

"There is some conflict in the evidence in this record, and it is not clear upon what ground the new trial was granted. The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law."

And the same point is decided in *Linderman v. Nolan*, 16 Okla. 352, 83 Pac. 796; *Exchange Bank of Wewoka v. Bailey*, 29 Okla. 246, 116 Pac. 812, 39 L. R. A. (N. S.)

1032; *National Refrigerator & Butchers' Supply Co. v. Elsing,* 29 Okla. 334, 116 Pac. 790; *Rogers v. Quabner,* 41 Okla. 107, 137 Pac. 361.

The record in this case does not show that in granting the new trial, the court erred in respect to some pure, simple, and unmixed question of law. We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.