## YOUNG v. DUNBAR.

### No. 2366.   Opinion Filed October 23, 1912.

#### (127 Pac. 692.)

1. **APPEAL AND ERROR—Review—Discretion of Court—Grant of New Trial.** The granting of a new trial rests largely within the discretion of the trial court, and this court will not reverse a case on this ground, unless error is clearly established in respect to some pure, simple, and unmixed question of law.

2. **SAME—Questions Presented for Review—Sufficiency of Evidence.** Where an appeal is taken from an order of the court granting a new trial, and one of the grounds in the motion for a new trial is "the insufficiency of the evidence," and the evidence at the trial is not preserved and brought into the case-made, this court has no way of determining whether error was committed in respect to some pure, simple, and unmixed question of law.

(Syllabus by Brewer, C.)

*Error from Oklahoma County Court;*
*Sam Hooker, Judge.*

Action by S. E. Dunbar against Fred Young. From an order vacating a judgment for defendant, and granting a new trial, defendant brings error. Affirmed.

*Warren K. Snyder,* for plaintiff in error.

*Embry & Hastings,* for defendant in error.

Opinion by BREWER, C.   This is a suit in replevin to recover one horse, a saddle, a blanket, and six horse-boots, and was commenced on the 17th day of November, 1909, in the county court of Oklahoma county, by petition, affidavit, and bond, by S. E. Dunbar, defendant in error, as plaintiff. The property involved is alleged to be of the value of $500. An answer was filed, in which the ownership of the property was admitted to be in plaintiff, but a right of possession was alleged to be in defendant, because of a lien for the value of certain sums advanced for entering the horse in races and for the keep, care, and training of the horse. The cause was set for trial

on the 19th day of January, 1910, at which time the plaintiff and his attorney failed to appear; the defendant and his attorney appearing and demanding an investigation of his claim of possession and of the lien and interest in the property, etc., under the statutes relating to replevin. Sections 5695, 5696, Comp. Laws 1909. The record shows that the court proceeded to investigate the claims of the parties, hearing certain oral evidence offered, and receiving certain letters and documents, and upon such evidence rendered judgment in favor of the defendant, adjudging his lien in the sum of $258.95, his right to possession of the property, his special ownership therein, a return of the property, and that, in the absence of a return, for the value of the property, to the extent of the lien so found.

The judgment was entered January 20, 1910, and on the next day plaintiff appeared and filed his motion to vacate and set aside the judgment and for a new trial. On February 9, 1910, with leave of court, the plaintiff filed an amended motion for new trial, in which the grounds mentioned in the former motion were elaborated and more fully stated. This motion contained four grounds; the first being:

"Because said judgment is not sustained by sufficient evidence, and that said judgment was rendered contrary to law."

The second ground consists of a lengthy statement relating to the failure of the plaintiff's attorney to appear on the date the cause was set for trial, but which we think unnecessary to mention in more detail. The motion also alleged a meritorious cause of action, and defense against the claim of lien by the defendant, setting out therein what appears to be a receipt in full, signed by defendant, for his claims for keeping and training the horse. On February 21, 1910, the motion for new trial was heard and granted by the court upon terms; the terms being that all costs of suit to date were to be paid by plaintiff. From this order of the court, vacating its former judgment and granting a new trial, the defendant, as plaintiff in error, prosecutes this appeal by case-made and writ of error.

The oral evidence heard by the court at the trial of the cause, it is admitted, was not preserved. Besides this is shown

by recital in the case-made, which is: "All of the evidence which was preserved, such as the exhibits, the oral evidence not being preserved," are contained in the case-made.

At the time the motion for new trial was acted upon and granted, the court was well aware of, and doubtless had in mind, the evidence it had heard upon which it rendered judgment for defendant; and it may have granted a new trial upon the first ground of the motion therefor, which was that there was not sufficient evidence to sustain the judgment. That evidence is not before us, and, if it were, and we were inclined to consider the action of the court in passing upon its sufficiency upon this ground of the motion for new trial, we could not do so. But we are not so inclined. It is a well-settled and established rule in this court that the action of the trial court in granting a new trial will not be disturbed, unless it clearly appears that the court, in doing so, has erred upon some pure, simple, and unmixed question of law. This has been held in the following, and perhaps other, cases: *Jacobs v. City of Perry*, 29 Okla. 743, 119 Pac. 243; *Nat'l. Refrigerator & Butchers' Supply Co. v. Elsing*, 29 Okla. 334, 116 Pac. 790; *Duncan v. McAlester Choctaw Coal Co.*, 27 Okla. 427, 112 Pac. 982; *Hogan et al. v. Bailey*, 27 Okla. 15, 110 Pac. 890; *Farmers & Merchants' Nat. Bank v. School Dist. No. 56 et al.*, 25 Okla. 284, 105 Pac. 641; *Citizens' State Bank v. Chattanooga State Bank*, 23 Okla. 767, 101 Pac. 1118; *Trower v. Roberts*, 17 Okla. 641, 89 Pac. 1113; *Yarnell v. Kilgore*, 15 Okla. 591, 82 Pac. 990; *Ten Cate v. Sharp*, 8 Okla. 300, 57 Pac. 645.

The above decisions, and the rule they announce, being in our judgment applicable and controlling under the situation here, it is unnecessary to consider other questions presented and argued by plaintiff in error.

The cause should be affirmed.

By the Court: It is so ordered.