## ST. LOUIS & S. F. R. CO. v. WOOD *et al.*

No. 5760.   Opinion Filed November 2, 1915.

(152 Pac. 848.)

1.    **APPEAL AND ERROR**—Scope of Review—Granting of New Trial—Question of Law.  The erroneous granting of a new trial by the lower court, involving a pure, unmixed question of law, will be reviewed by this court.

2.    **COMMERCE**—Exclusive Power of Congress—Interstate Shipment—Stipulation for Notice or Demand.  By the passage of the Act of Congress of June 29, 1906, c. 3501, sec. 7. 34 Stat. 593 (U. S. Comp. St. 1913, sec. 8592), known as the Carmack amendment to the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, sec. 20, 24 Stat. 386), the state has ceased to have authority to pass acts relative to contracts made by carriers relative to interstate shipments, and section 9, art. 23, of the state Constitution, only applies to intrastate shipments.  So where. in the trial of an action for damages caused by the negligence of the carrier in an interstate shipment, the court sustained a demurrer to the evidence, and gave judgment for the defendant, but on a motion for a new trial set the judgment aside and granted a new trial, on the sole ground that a provision of the contract for the interstate shipment was forbidden by the state Constitution, such action of the court held error.

(Syllabus by Devereux, C.)

*Error from County Court, Hughes County;*
*J. Ross Bailey, Judge.*

Action by C. W. Wood and another, doing business as Wood & McAlester, against the St. Louis & San Francisco Railroad Company.   Judgment for defendant, and from an order granting a new trial defendant brings error. Reversed and remanded, with directions.

This was an action against the plaintiff in error to recover damages to an interstate shipment of cattle, caused by the fault of the railroad in negligently delaying delivery in Kansas City, and in negligently failing to

unload the cattle for rest, feed, and water, as required by law. The cattle were shipped under a special contract, attached to the bill of particulars, which recites that it is executed in consideration of a reduced freight rate, and which contains many provisions, the one especially bearing on this case being set out in the reasons given by the court for granting a new trial, hereinafter set out. At the close of plaintiffs' evidence, a demurrer thereto was sustained by the court, and judgment rendered for the defendant; but, on a motion for a new trial, this judgment was set aside and a new trial granted, and in so doing the court said:

"On the trial of said cause there was introduced in evidence the contract entered into by and between the plaintiffs and defendant, section 13 of which provides as follows: 'As a condition precedent to recovery of damages for any death, loss, injury, or delay of the live stock, the shipper shall give notice, in writing, of his claim, to some general officer of the company, or the nearest station agent, or the agent at destination, and before the live stock is mingled with other live stock, and within one day after its delivery at destination, so that the claim may be promptly and fully investigated, and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury, or delay.'

"At the close of plaintiffs' case, defendant demurred to the evidence offered, and it being admitted that said notice was not given as provided in said contract, it being an interstate shipment, the court was of the opinion that the provision of the contract was valid and binding and that the giving of said notice within 24 hours was a condition precedent to recovery, and said demurrer was sustained, and the jury directed to return a verdict for the defendant.

"Now, on this hearing, the court is of the opinion that said section 13 of said contract contravenes and is repugnant to the Constitution of the State of Oklahoma, and that said provisions are not binding on the plaintiffs, and that it is not necessary for plaintiffs to give to the defendant the notice provided for in said section 13, and that the failure to give said notice does not preclude a recovery in this cause, and the court grants a new trial herein solely on this clear-cut question of law; the court holding that said provision in said contract is inoperative and not binding on the plaintiffs, notwithstanding the shipment in question was an interstate shipment and arose since statehood."

From the court's order granting a new trial, the defendant below brings the case to this court by petition in error and case-made.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiff in error.

Lafayette Walker, for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). From the above statement of the facts, it appears plainly that the lower court granted the new trial solely on a question of law, unmixed with any questions of fact, or discretion on the part of the court, and in this class of cases the action of the trial court in granting a new trial is open for review in this court. Farmers' & Merchants' National Bank of Hobart v. School District No. 56, 25 Okla. 284, 105 Pac. 641; Jacobs v. City of Perry, 29 Okla. 743, 119 Pac. 243; Sharp v. Choctaw, etc., Co., 34 Okla. 730, 126 Pac. 1025; Young v. Dunbar, 36 Okla. 54, 127 Pac. 692; St. L. & S. F. R. Co. v. Fisher, 37 Okla. 751, 133 Pac. 41; Sipes v. Dickinson, 39 Okla. 741, 136 Pac. 761.

The trial court held that the provisions of the contract were in conflict with the state Constitution, and were therefore inoperative and void. In this there was error. In *St. L. & S. F. R. Co. v. Bilby,* 35 Okla. 589, 130 Pac. 1089, it is held:

"On account of the passage of the Act of Congress of June 29, 1906, c. 3591 (34 Stat. at L. 584), the state, under its police power, has ceased to have the authority to pass acts relative to contracts made by carriers pertaining to interstate shipments, and section 9 of article 23 of the Constitution of this state applies only to intrastate shipments."

And the same principle is laid down in *M., K. & T. R. Co. v. Walston,* 37 Okla. 517, 133 Pac. 42; *M., K. & T. R. Co. v. Lenaham,* 39 Okla. 283, 135 Pac. 383; *St. L. & S. F. R. Co. v. Zickafoose,* 39 Okla. 302, 135 Pac. 406; *St. L. & S. F. R. Co. v. Cox,* 40 Okla. 258, 138 Pac. 144; *M. O. & G. Ry. Co. v. French, post,* p. 222, 152 Pac. 591. In *M., K. & T. R. Co. v. Harriman,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690, it is held:

"The Carmack Amendment has withdrawn the determination of validity of all stipulations in interstate shipping contracts from state law and legislation. Under that amendment the validity of a provision that suit must be brought within a specified period is a federal question to be settled by the general common law."

See, also, *Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.

We therefore recommend that the order of the lower court granting a new trial be reversed, and the case remanded, with instructions to reinstate the judgment in favor of the defendant below.

By the Court: It is so ordered.