## ST. LOUIS & S. F. R. CO. v. UNION CONST. CO. et al.

No. 9128—Opinion Filed July 1, 1919.

(Syllabus by the Court.)

### 1. Guaranty—Consideration—Statute.

When a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms, with that obligation, a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation. Rev. Laws 1910, sec. 1028.

### 2. Same.

July 26, 1909, the Union Trust Company executed an instrument in writing addressed to the St. Louis & San Francisco Railway Company, claimed by the latter company to be an absolute guaranty of payment for certain materials furnished and construction work performed under a contract entered into December 7, 1909, between the railway company and the Union Construction Company. In an action on the alleged contract of guaranty, the trust company pleaded want of consideration for the making of the instrument, and disclaimed liability thereon. Held, that the contract being made long after the alleged contract of guaranty, and there being no evidence that the latter contract was made or "accepted" pursuant to the instrument first executed, or in reliance thereon, or that it had any connection either with the making or performance of such contract, and there being no "consideration distinct from that of the original obligation" to support the undertaking (treated as a contract of guaranty), the court did not err in granting the trust company a new trial.

Error from District Court, Tulsa County, Conn Linn, Judge.

Action by the St. Louis & San Francisco Railroad Company against the Union Construction Company and Union Trust Company. Verdict instructed for plaintiff, motions for new trial sustained as to defendant Union Trust Company, and plaintiff brings error. Affirmed.

R. A. Kleinschmidt, W. F. Evans, and Jones & Foster, for plaintiff in error.

William F. Tucker and Hulette F. Aby, for defendants in error.

SHARP, J. Plaintiff's amended petition alleges that on the 7th day of December, 1909, it entered into a written contract with the defendant Union Construction Company whereby it agreed to construct for said defendant a certain side track on its Western Division, near Price, in Tulsa county, 995 feet in length, for which defendant agreed to pay "an amount equal to the cost of labor, engineering, and 10 per cent. of labor and material for handling, accounting, supervision, and use of tools; and shall also do all grading and furnish cross and switch ties" for use in the construction of the side track. As a cause of action against defendant Union Trust Company, the amended petition alleges that, in consideration of the forbearance of plaintiff to require of the defendant Union Construction Company payment in advance of the cost of construction of the side track, the trust company made, executed, and delivered to the plaintiff a written contract of guaranty, as follows:

"Tulsa, Okla., July 26, 1909.

"The St. Louis & San Francisco Railway Co., St. Louis, Mo.—Gentlemen: This is to certify that the undersigned hereby guarantees payment to your company for any bill incurred by the Union Construction Company for switch ties, cross-ties and labor in laying track for a thousand foot spur on mile No. 428, A. V. & W. R. R.

"We further certify that the said Union Construction Company is the owner in fee simple of the land on which said spur is to be built. Yours very truly, Union Trust Company, by Gray Erick, Assistant Secretary."

There was also attached to the petition an itemized statement of the labor, materials, etc., furnished in constructing the side track, including 10 per cent. for supervision, use of tools, etc., amounting in all to $483.78. The answer of the defendant Union Construction Company consisted of a general denial. The answer of the defendant Union Trust Company denied, seriatim, the averments of the petition; specifically denied any consideration for the execution of the instrument of July 26, 1909; and disclaimed any liability on account of the execution thereof. At the conclusion of plaintiff's testimony, the defendant Union Trust Company demurred to the evidence, which demurrer was overruled. Thereupon plaintiff and defendant Union Trust Company each moved for an instructed verdict. The request of the defendant was overruled, and that of the plaintiff granted, whereupon the jury returned a verdict in plaintiff's favor for $483.78 and interest, for which judgment was entered. Defendants thereupon filed separate motions for new trial. The court overruled the motion of Union Construction Company and sustained that of Union Trust Company, upon the ground that the alleged contract of guaranty was a mere offer of guaranty, and was not valid and binding upon defendant Union Trust Company until accepted by plaintiff and notice of such acceptance given the trust company. This the plaintiff contends was error on account of which the judgment granting a new trial should be reversed.

As the new trial was granted upon a pure, simple, and unmixed question of law, the action of the court in that respect is subject to review on appeal. Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; Sharp v. Choctaw Ry. & Lighting Co., 34 Okla. 730, 126 Pac. 1025; St. Louis & San Francisco Ry. Co. v. Wood, 52 Okla. 176, 152 Pac. 848.

On the part of plaintiff in error, it is contended that the instrument executed by the Union Trust Company was an absolute guaranty, binding upon it without notice of acceptance, while on the part of the defendant Union Trust Company it is contended that the instrument was a mere offer to guarantee the payment of a prospective contract, and was not therefore binding until notice of its acceptance was communicated to it by the railroad company. These contentions are each based upon section 1031, Revised Laws of 1910, which declares that a mere offer to guarantee is not binding until notice of its acceptance is communicated by the guarantee to the guarantor; but an absolute guaranty is binding upon the guarantor without notice of acceptance. Granting, for the purpose of the case only, that in legal effect the instrument should be held to be an absolute guaranty, binding upon the guarantor without notice of its acceptance, what consideration was there to support it? Like other contracts, a contract of guaranty is not enforceable unless based on a sufficient consideration. Brant on Suretyship and Guaranty, sec. 22; 12 R. C. L. 1076; 20 Cyc. 1413-1415. This fundamental requirement of the law of guaranty is made the subject of legislative enactment in this jurisdiction. Section 1028, Rev. Laws 1910, provides that where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms with that obligation a part of the consideration to him, no other consideration need exist; but that in all other cases there must be a consideration distinct from that of the original obligation. In Marshall v. State ex rel. Lankford, 59 Okla. 243, 158 Pac. 1166, this statute was under consideration, and it was held that the levying of the assessments and the taking of the note and mortgage constituted "one continuous general transaction,"

and that there was a consideration to support the note and mortgage sued on. In Clements v. Jackson County Oil & Gas Co., 62 Oklahoma, 161 Pac. 217, the principal contract was entered into October 29, 1914, and the contract of guaranty for continuing the drilling of an oil well to a lower depth was entered into January 16, 1915. It was held that the latter contract, being made long after the original, and not being supported by a consideration, could not be enforced. In support of its conclusion, the court cited Bank of Carrollton v. Latting, 37 Okla. 8, 130 Pac. 144, 44 L. R. A. (N. S.) 481.

The instrument, treated as a contract of guaranty, was entered into on July 26, 1909, and refers to any bill incurred by the construction company "for switch ties, crossties, and labor in laying track for a thousand foot spur on mile No. 428, A. V. & W. R. R.," while the contract of December 7th, following, provided for the payment in advance to the railroad company of "an amount equal to the cost of labor, engineering, and 10 per cent. of labor and materials for handling, accounting, supervision, and use of tools; and shall also do grading and furnish cross and switch ties." No effort was made to prove that the principal contract was entered into on account of the contract of guaranty, or that the latter was a material inducement to the making or performance of the grading contract. Indeed, there was no proof of any connection between the two contracts, other than such as might be inferred from the identity of the parties and the similar nature of the subject-matter. The allegation of the amended petition that the contract of guaranty "was the sole and only consideration moving to plaintiff" for the material and labor furnished and performed, "and for its forbearance to collect the cost of said labor and materials from said Union Construction Company in advance," being put in issue, was not proved, nor was any offer of proof made in support of such allegation. On the other hand, the contract of December 7th provided that the construction company should, "before said side track is constructed," pay to the railroad company the cost of the work. How this was to be known in advance is not made to appear. As the guaranty was not entered into at the same time with the principal contract, and as it does not appear from the evidence that the latter contract was made or "accepted" pursuant to the contract of guaranty, or in reliance thereon, or that it had aught to do with either the making or performance of such contract, and as there was no "consideration distinct from that of the original obligation" as required by section 1028, no liability attached against the guarantor.

The judgment of the trial court granting the Union Trust Company a new trial is therefore affirmed.

OWEN, C. J., and HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.